## WATSON v. THE STATE.

If in response to the writ of *certiorari,* after a conviction in the county court, the judge of that court sends up, as a part of the proceedings in the case, a bond with security given by the defendant, this is equivalent to an approval of the bond by him; and a dismissal of the *certiorari* in the superior court on the ground that no bond assessed by the county judge and approved as required by law has been given, is error.

April 21, 1890.

*Certiorari.* Bonds. Practice. Before Judge RONEY. McDuffie superior court. September term, 1889.

Reported in the decision.

T. E. WATSON, by brief, for plaintiff in error.

BOYKIN WRIGHT, solicitor-general, and P. B. JOHNSON, by brief, for the State.

BLANDFORD, Justice.

Watson was indicted in the county court of Mc-Duffie for selling liquor, and was found guilty. He presented to the judge of the superior court his petition for *certiorari*, alleging that he was improperly convicted. The *certiorari* was sanctioned by the judge; and when the case came up for a hearing, a motion to dismiss the writ of *certiorari* was made, upon the ground that Watson had given no bond assessed by the county judge and approved as required by law. It appears from the record that the county judge, in response to the writ of *certiorari*, returned a bond which had been given by Watson with security, as a part of the proceedings in the case. We think this was equivalent to an approval of the bond by the county judge; and therefore we think the court erred in dismissing the writ of *certiorari* for the reason stated.           *Judgment reversed.*