HAMILTON & COMPANY, for use, *v.* PHENIX INSURANCE COMPANY OF BROOKLYN.

A writ of certiorari, unless sued out in forma pauperis, can not, in a civil case, be lawfully issued until after the party applying for the same shall have given the bond prescribed by section 4639 of the Civil Code; and a bond tendered for this purpose must in some manner be approved by the judge, or justice, of the court in which the case was originally tried. When such a writ is issued upon the filing of a bond which has never been approved at all, the writ is void, and the bond is not amendable in the superior court.

Argued May 4, — Decided May 30, 1899.

Certiorari. Before Judge Harris. Carroll superior court. August 12, 1898.

*S. Holderness* and *J. T. Pendleton*, for plaintiffs in error.
*John C. Reed*, contra.

LUMPKIN, P. J. A writ of certiorari can not, in a civil case, be lawfully issued until after the party applying for the same, his agent or attorney, shall have filed with the clerk of the superior court a bond, with good security, conditioned to pay the adverse party the eventual condemnation-money together with all future costs, or shall make and file with the petition for certiorari an affidavit that he is advised and believes he has good cause for certiorari, and that owing to his poverty he is unable to pay the costs and give security. Civil Code, §§ 4639, 4641; *Kelly* v. *Jackson*, 67 *Ga.* 274; *Hendrix* v. *Mason*, 70 *Ga.* 523; *Hester* v. *Keller*, 74 *Ga.* 369; *Lowe* v. *Wallace*, Ibid. 402. These cases establish the proposition that the certiorari bond must be duly approved before the writ can issue; and necessarily the approval must be made by the judge

or justice who tried the case in the first instance, for section 4640 of the Civil Code confers upon the trial judge the power, if he sees proper, to require the surety tendered by the plaintiff in certiorari to justify upon oath as to his solvency. The fact of approval may be evidenced not only by a formal entry, but also by any conduct on the part of the trial judge showing his acceptance of the bond as a sufficient one under the law. In the present case the plaintiff in certiorari simply filed with the clerk of the superior court a paper purporting to be a bond, without having made any attempt whatever, prior to the issuing of the writ, to have this instrument approved by the trial judge, or by any other official. When the case was called in the superior court, counsel for the defendants in certiorari moved to dismiss the proceeding, on the ground that the plaintiff had not given bond as required by law. The presiding judge overruled this motion, heard evidence as to the solvency of the sureties, and then himself undertook to approve the bond. We are quite sure the judge had no authority to pursue this course, but ought to have sustained the motion to dismiss. As there was no legal writ of certiorari, there was really no case at all lawfully before the superior court. The sections of our code and the decisions of this court cited by counsel for defendant in error, and relating to the amendment of appeal bonds and other like bonds taken in the course of judicial proceedings, are not applicable to a case such as that now before us; for here there was really nothing to amend by, the process upon which the proceeding rested being a mere nullity. That is to say, the issuing of the writ of certiorari by the clerk being, under the circumstances stated, totally unwarranted, it was the same thing in contemplation of law as if the writ had never been issued; and, as an absolutely void and unauthorized process can not be cured by amendment, it follows, of course, that there was no case before the superior court of which it could entertain jurisdiction for any purpose except to dismiss it. 　　*Judgment reversed. All the Justices concurring.*