## WINGARD v. SOUTHERN RAILWAY COMPANY.

| 109 | 177 |
| f112 | 152 |
| 109 | 177 |
| 114 | 85 |
| 109 | 177 |
| b115 | 701 |
| o115 | 702 |
| 109 | 177 |
| 124 | 414 |
| 109 | 177 |
| 125 | 452 |

1. The mere fact that a magistrate who tried a case entered upon a certiorari bond a certificate that the costs in the case had been paid is not, without more, sufficient evidence of his approval of the bond to warrant the clerk of the superior court to issue the writ of certiorari.

2. The certiorari having been issued in the absence of a duly approved bond, the writ was void, and the motion to dismiss the same ought to have been sustained.

Submitted October 9, — Decided November 1, 1899.

Certiorari. Before Judge Janes. Polk superior court. February term, 1899.

*C. E. Carpenter* and *H. M. Wright*, for plaintiff.
*Shumate & Maddox* and *Fielder & Mundy*, contra.

LEWIS, J. When the petition for certiorari in this case came on for a hearing before the judge of the superior court, a motion was made by counsel for defendant in certiorari to dismiss the same, because it did not appear that the bond filed by the plaintiff in certiorari was approved by the justice of the peace in whose court the case had been tried. It appears from the record that a bond was executed by the plaintiff in certiorari and a surety, and attached to the original petition. The execution of that bond does not appear to have been attested at all. Following the signatures of the obligors to the bond was a certificate of the justice that the Southern Railway Company had paid all costs in the case. The judge overruled the motion to dismiss, and this is one of the grounds of error assigned in the bill of exceptions.

The question as to whether or not a failure of a justice of the peace to accept or approve a certiorari bond renders void the issuing of the writ of certiorari is not an open one in this court. It has been repeatedly decided that such an approval by a magistrate is essential to the validity of the writ. See *Hamilton* v. *Ins. Co.*, 107 *Ga.* 728, and the opinion of Lumpkin, Presiding Justice, with authorities therein cited. There is nothing in the record which indicates that the justice of the peace ever accepted or approved the bond filed with the petition for certiorari. While the law does not require any formal certificate of such approval, or any special method of showing an acceptance by the magistrate of the bond, yet it must appear from the record that such acceptance and approval were had. The only thing relied on by counsel for defendant in error as showing the bond in this case was approved by the justice of the peace is the fact that his certificate of the payment of costs was entered on the bond on the same day that the bond was executed. There being nothing in the certificate referring to the bond, or even intimating that the security had been approved by the justice, it constitutes no evidence whatever that the bond itself had actually been approved by the justice. We do not think the following cases cited by counsel for defendant in error at all in point: The case of *Kelly* v. *Jackson*, 67 *Ga.* 274, simply held, "if the bond itself, duly and properly executed and approved by the justice, be incorporated in the record, the case will not be dismissed." The justice in that case had entered a certificate of the payment of costs, but in that certificate said nothing about the bond. The record showed, however, that the bond was actually approved by the justice, and its approval bore date before the writ of certiorari was granted. Had the record in that case simply showed a certificate of the payment of costs, the petition for certiorari would doubtless have been dismissed. In the case of *Hendrix* v. *Mason*, 70 *Ga.* 523, the question involved was whether or not the certiorari should have been dismissed because the bond was executed before a commercial notary public. It was simply decided there, where proper bond was given to the justice and accepted by him, the fact that the signatures were attested by

a mere notary would not require the dismissal of the certiorari. There was no question raised touching the failure of the magistrate to accept or approve the bond in that case. On the contrary, it appears from the case itself that it was actually accepted, and we presume, of course, that this in some way was shown by the record. We conclude, therefore, that the judge erred in refusing to sustain the motion to dismiss this petition for certiorari.

*Judgment reversed.   All the Justices concurring.*