## STOVER v. DOYLE.

A writ of certiorari in a civil case, unless sued out in forma pauperis, is void if the same be issued before the applicant has given the bond prescribed by the Civil Code, § 4639 ; and that bond, to render it effectual, must in some manner be approved by the judge or justice of the court in which the case was originally tried.

The decisions of this court, to the above effect, in *Hamilton* v. *Insurance Co.*, 107 *Ga.* 728 ; *Wingard* v. *Southern Railway Co.*, 109 *Ga.* 177 ; and *Carpenter* v. *Same*, 112 *Ga.* 152, are, upon a review thereof, affirmed.

Argued October 14, — Decided November 6, 1901.

Certiorari.　　Before Judge Fite.　　Bartow superior court.　　July term, 1901.

*James B. Conyers*, for plaintiff.　　*Paul F. Akin*, for defendant.

LUMPKIN, P. J.　The bill of exceptions in this case assigns error upon the dismissal of a petition for certiorari.　The ground of dismissal was that the certiorari bond had not been approved by the judge of the court in which the case was tried.　Section 4639 of the Civil Code, which deals with writs of certiorari in civil cases, imperatively requires the party applying for the writ, unless he does so in forma pauperis, to give bond and security " before any writ of certiorari shall issue."　The statute necessarily means an approved bond, and accordingly this court, in *Hamilton* v. *Insurance Co.*, 107 *Ga.* 728, held that when a writ of certiorari issues upon the filing of a bond which has not been approved by the judge or justice of the court in which the case was tried, the writ is to be treated as a nullity.　This decision has been cited approvingly and followed in the later cases of *Wingard* v. *Southern Railway Co.*, 109 *Ga.* 177, and *Carpenter* v. *Same*, 112 *Ga.* 152.　These cases are conclusive upon the question now presented for determination. Counsel for the plaintiff in error was, however, granted leave to bring the decisions therein rendered under review.　After due consideration, they are approved upon the reasoning to be found in the *Hamilton* case, supra.　In support of the contention that the filing of an approved bond need not precede the issuing of the writ of certiorari, counsel for the plaintiff in error cited and relied on the cases of *Memmler* v. *State*, 75 *Ga.* 576; and *Watson* v. *State*, 85 *Ga.* 237.　These cases are not applicable to the point now before us.　In the former of them, the court construed section 302 of the

Code of 1882, relating to writs of certiorari in criminal cases from county courts. As will be perceived from the language used by Mr. Justice Hall on pages 581 – 2, the court expressed the opinion that while it was essential that the prescribed affidavit be filed before the issuing of the writ, this was not so as to the filing of the bond. The case of *Watson* stands upon the same foundation as that of *Memmler*, though in dealing with the former the latter was not cited. We therefore adhere to the doctrine laid down in the *Hamilton* case, and are confident that the two criminal cases just mentioned contain nothing which should lead to a contrary conclusion.

*Judgment affirmed. All the Justices concurring.*