## DYKES *v.* TWIGGS COUNTY.

1. A clerk of a superior court has no authority of law to issue a writ of certiorari, not applied for in forma pauperis, unless the plaintiff files with his petition for certiorari such a bond as that required by the Civil Code, § 4639, which must, either on its face, or by other written evidence bearing the official signature of the judicial officer before whom the case was tried in the first instance, show that it has been duly approved by him.

2. When a writ of certiorari was issued upon a bond upon which there was no entry evidencing the fact of such approval, the writ should have been dismissed, and it was too late at the trial in the superior court to allow the justice of the peace who tried the case to testify that the bond "was in point of fact accepted by the witness in terms of the statute, and he simply neglected to put his approval on the bond, but had mentally approved the same," and to thereupon allow this officer to make an entry of approval nunc pro tunc.

Submitted May 1,—Decided June 9, 1902.

Certiorari. Before Judge Roberts. Twiggs superior court. September 6, 1901.

*Henry Bunn Wimberly*, for plaintiff.

Fish, J. Upon the trial of a certiorari, the defendant therein moved to dismiss the proceeding, upon the ground that the plaintiff had not given bond as required by the Civil Code, § 4639. A paper purporting to be a bond and signed by the plaintiff in certiorari and a surety, but neither attested nor approved, appears in the record. There was no affidavit in forma pauperis. The court, over defendant's objection, permitted the magistrate before whom the case was originally tried to testify: " The bond herein referred to was in point of fact accepted by the witness in terms of the statute, and he simply neglected to put his approval on the bond, but had mentally approved the same." The court then passed an order reciting that, as it appeared from the testimony of the magistrate that at the time the petition for certiorari, with the sanction of the judge thereon, was filed, " a good and solvent bond in terms of the law was filed in said case, and that said justice of the peace duly accepted and approved said bond, but failed to mark or endorse his approval thereon, it is ordered that the said justice be allowed nunc pro tunc to make said entry of approval." The defendant objected to the granting of this order and the making of the entry, upon the ground that the bond should have been approved before the writ of certiorari was issued. The hearing then proceeded, and the court sustained the certiorari and remanded the case for another trial. The defendant in his bill of exceptions assigned error upon all of the rulings of the court referred to above.

This court has frequently decided that a writ of certiorari in a civil case, unless sued out in forma pauperis, is void, if the same be issued before the applicant has given the bond required by the Civil Code, § 4639; and that the bond, to render it effectual, must

be approved by the judge or justice of the court in which the case was originally tried. *Stover* v. *Doyle*, 114 *Ga.* 85, and cases cited. In *Hamilton* v. *Insurance Co.*, 107 *Ga.* 728, the plaintiff in certiorari filed with the clerk of the superior court a paper purporting to be a bond, without having made any attempt, prior to the issuance of the writ, to have such instrument approved by the trial judge. When the defendant in certiorari, upon the hearing, moved to dismiss the proceeding because the plaintiff had not given the bond required by law, the presiding judge overruled the motion, heard evidence as to the solvency of the sureties, and then himself undertook to approve the bond. This ruling, upon a review thereof, was held to be erroneous, this court deciding that, as the writ of certiorari had been issued upon the filing of a bond which had never been approved, the writ was void, and the bond was not amendable in the superior court. The decision was not put on the ground that the judge of the superior court was not the proper official to approve the bond, but upon the ground that the writ was void and could not be cured by amendment. Presiding Justice Lumpkin in the opinion said: "As there was no legal writ of certiorari, there was really no case at all lawfully before the superior court. The sections of our code and the decisions of this court cited by counsel for defendant in error, and relating to the amendment of appeal bonds and other like bonds taken in the course of judicial proceedings, are not applicable to a case such as that now before us; for here there was really nothing to amend by, the process upon which the proceeding rested being a mere nullity. That is to say, the issuing of the writ of certiorari by the clerk being, under the circumstances stated, totally unwarranted, it was the same thing in contemplation of law as if the writ had never been issued; and as an absolutely void and unauthorized process can not be cured by amendment, it follows, of course, that there was no case before the superior court of which it could entertain jurisdiction for any purpose except to dismiss it."

The principle here ruled is conclusive upon the questions presented by the record in the present case. As we have seen, the writ of certiorari was not applied for in forma pauperis, and there was no bond given by the applicant and approved as the statute requires before the writ was issued. As the clerk has no authority of law, in the absence of a pauper affidavit, to issue the writ unless a bond

has been approved by the judicial officer who tried the case, the clerk should be furnished with evidence of such approval, of the best and most permanent nature, and the fact of approval should not be left simply in the mind of the officer who tried the case; therefore, the bond should, either on its face, or by other written evidence bearing the official signature of such judicial officer, show that it has been duly approved by him. In view of this ruling, it may be advisable to refer to language used in several of the former decisions of this court, which may seemingly be somewhat in conflict with what we now hold. In *Hester* v. *Keller*, 74 *Ga.* 369, it was said that "the record must show somewhere that such justice did accept and approve the bond; otherwise the certiorari will be dismissed." In the *Hamilton* case, supra, it was said: "The fact of approval may be evidenced not only by a formal entry, but also by any conduct on the part of the trial judge showing his acceptance of the bond as a sufficient one under the law." So in *Wingard* v. *Southern Ry. Co.*, 109 *Ga.* 177, it was said: "While the law does not require any formal certificate of such approval, or any special method of showing an acceptance by the magistrate of the bond, yet it must appear from the record that such acceptance and approval were had." Again, in *Stover* v. *Doyle*, supra, it was said, the "bond, to render it effectual, must in some manner be approved by the judge or justice of the court in which the case was originally tried." In each of these cases, however, it appeared that the bond in question had never been approved at all, and in none of them was there any evidence of any character offered to show an approval, and, therefore, no question as to how an approval must be shown was involved. So the expressions quoted, even if in conflict with our present ruling, were purely obiter. In *Watson* v. *State*, 85 *Ga.* 237, it was held that where, "in response to the writ of certiorari, after a conviction in the county court, the judge of that court sends up, as a part of the proceedings in the case, a bond with security given by the defendant, this is equivalent to an approval of the bond by him." No notice was taken in this case of the former ruling in *Memmler* v. *State*, 75 *Ga.* 576, where it was held that under the provisions of the Code of 1882, § 302, relating to writs of certiorari in criminal cases from the county court, the approval of the bond prior to the issuance of the writ was not necessary. As the Presiding Justice said in the *Hamilton* case, su-

pra, in discussing this question : "These cases are not applicable to the point now before us." *Watson's* case has never been followed, and in *Wingard* v. *Southern Railway Co.*, supra, it was held that a certificate of the magistrate who originally tried the case, that all the costs had been paid, entered on the bond, was not, of itself, sufficient evidence of his approval of the bond to warrant the issuance of the writ of certiorari. It follows that the court below erred in not dismissing the certiorari proceeding.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*