## BROWN *v.* THE STATE.

1. The bond which the applicant for the writ of certiorari in a criminal case tried in a county court is required by the Penal Code, § 765, to give, unless he makes the prescribed pauper affidavit in lieu thereof, is a bond for his personal appearance to abide the final judgment of the court in the case.

2. This bond must be an approved bond, and an approval thereof by the county-court judge is in conformity to law; and when, in response to the writ of certiorari, such judge sends up to the superior court, as a part of the proceedings in the case, a bond of this character, this, under the decision in *Watson* v. *State,* 85 *Ga.* 237, is equivalent to an approval thereof by him.

Argued October 18,—Decided December 21, 1905.

Certiorari. Before Judge Lewis. Putnam superior court. September 19, 1905.

*W. T. Davidson,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

FISH, C. J. Alex. Brown was tried in a county court for an alleged misdemeanor, and convicted. He carried his case by certiorari to the superior court, where the certiorari was, upon motion of counsel for the State, dismissed upon the ground "that no bond was given by the defendant, or pauper affidavit made as required by the statute, as a condition precedent to the grant of the writ, and that no such bond or affidavit appeared of record." To this judgment of dismissal he excepted.

1. In response to the writ of certiorari, the judge of the county court sent up to the superior court, along with his answer, a bond signed by the plaintiff in certiorari as principal and another person as surety, executed upon the very day that the accused was convicted in the county court. This bond was witnessed by the sheriff, and upon it was an affidavit by the surety as to his solvency, which was also witnessed by the sheriff. The condition of this bond was, that the accused should appear at the next term of the superior court for the county, and from day to day and term to term, to

answer the final judgment in the case. Was the obligation of this bond such as the statute requires? We think it was. Section 765 of the Penal Code, which prescribes conditions to be complied with in order to obtain the writ of certiorari to review a criminal case tried in a county court, as amended by the act of December 7, 1898 (Acts 1898, p. 61), is as follows: "The writ shall not be granted unless the accused shall file his affidavit stating that he has not had a fair trial and has been wrongfully and illegally convicted, and shall also give bond and security, or make affidavit as is required of persons when carrying criminal cases to the Supreme Court; and the execution and filing of said bond shall operate as a supersedeas of the judgment rendered in said court for space of ten days." It will be observed that the statute does not expressly declare what the character of the bond shall be, but if there were nothing in the statute with reference to the bond except the words "shall give bond and security," the natural and logical inference would be that the bond should be such as would be appropriate to a criminal case, and not a bond which would be appropriate in a civil case, but unsuited to a criminal case, such as a bond for the eventual condemnation-money and all future costs, which the applicant for the writ of certiorari in a civil case is, by the Civil Code, §4639, required to give. A certiorari bond, whether it be given in a civil or in a criminal case, is to secure the satisfaction by the applicant for the writ of the final judgment of the court. For this purpose an eventual condemnation-money bond is appropriate in a civil case, and a bond for the appearance of the accused and his submission, in the event the final judgment is against him, to the sentence imposed by the court is appropriate in a criminal case. So, although the eventual condemnation-money bond which the Civil Code, §4639, requires an applicant for the writ of certiorari to give, unless he makes the prescribed pauper affidavit in lieu thereof, is not, in terms, expressly confined to civil cases, it has been held by this court that the provisions of that section apply exclusively to civil cases, and have no application to a criminal prosecution. *Mohrman* v. *Augusta,* 103 *Ga.* 841; *Colvard* v. *State,* 118 *Ga.* 13. But the character of the bond required by the Penal Code, §765, to be given in order to obtain the writ of certiorari in a criminal case tried in a county court, is not left to be inferred from the nature of the case in which it is required to be given, but is indicated by the words,

"as is required of persons when carrying criminal cases to the Supreme Court." While, strictly speaking, no bond is absolutely required of persons carrying criminal cases to the Supreme Court, yet in order to obtain a supersedeas in a bailable case, and thus prevent the sentence of the lower court from being carried into execution while the convicted person is seeking to have the judgment against him set aside by the Supreme Court, a bond is required, unless the accused is unable to give bond and will make the affidavit prescribed by the statute in lieu thereof. Section 1077 of the Penal Code, in reference to criminal cases carried to the Supreme Court, provides that the bill of exceptions, when properly filed, "shall operate as a supersedeas, upon the plaintiff in error complying with the following terms: Where the offense is bailable, the defendant shall enter into a recognizance before the clerk, with security to be approved by him, in a sum to be fixed by the presiding judge, conditioned for the personal appearance of such defendant, to abide the final order, judgment, or sentence of said court. . If the offense is not bailable, the judge shall order a supersedeas at the time of filing the bill of exceptions. If the party is unable from his poverty to give the recognizance, the judge shall order a supersedeas upon the filing of an affidavit as provided in civil cases, but the defendant shall not be set at liberty without the recognizance." The bond here described is the bond referred to in section 765 by the words, "as is required of persons when carrying criminal cases to the Supreme Court." This will more clearly appear, we think, when we consider the language of the statute as it stood before the adoption of the Code of 1895. The county-court act of January 19, 1872, provided that no writ of certiorari in a criminal case "shall be granted . . unless the party applying shall give such bond and security or make such affidavit as is permitted in the Code of Georgia, for parties in criminal cases carrying up cases to the Supreme Court of Georgia." Acts 1871-2, p. 296. This provision of the statute was codified in section 302 of the Code of 1873 and in the section of the same number in the Code of 1882, with but very slight and immaterial alteration, the words, "shall give such bond and security or make such affidavit as is permitted . . for parties in criminal cases carrying up cases to the Supreme Court," being retained. Persons carrying criminal cases to the Supreme Court were then, and are now, "permitted" to give the bond and security, or make the affi-

davit, provided for in section 1077 of the Penal Code, and thereby obtain a supersedeas of the judgment of the trial court. The word "required," which was substituted in the Code of 1895 for the word "permitted," which appeared in the original act and in the Codes of 1873 and 1882, refers to the same bond and security, and the same affidavit, previously referred to by the word "permitted." The words *"such* bond and security" and *"such* affidavit as is permitted . . for parties in criminal cases carrying up cases to the Supreme Court" clearly and unmistakably mean the same kind of a bond and and the same kind of an affidavit as is permitted in carrying criminal cases to the Supreme Court. So, taking the statute as it now stands, we find that, while the language is somewhat different, the meaning is unchanged. For to "give bond and security, or make affidavit," in one case "as is required" in another is to give the same kind of a bond, or make the same kind of an affidavit. In the opinion in *Memmler's* case, 75 *Ga.* 576, which was a certiorari in a criminal case tried in a county court, it was distinctly recognized that the terms and conditions of the bond in such a case should be the same as that of the supersedeas bond given when carrying criminal cases to the Supreme Court. So far as we are aware, the general practice, when giving bond in cases of this character, has been in conformity to this view. It follows that the obligation of the bond given by the applicant for the writ of certiorari, on the day that he was convicted, was such as the statute required.

2. Although the statute does not expressly so declare, we think it clear that the bond which it requires is an approved bond. The law does not contemplate that the person required to give the bond shall be allowed to give it in just such sum and with just such security as he may see fit. As was said in *Stover* v. *Doyle,* 114 *Ga.* 85, by Presiding Justice Lumpkin, in reference to the certiorari bond required to be given in a civil case, "The statute necessarily means an approved bond." This is the well-established rule in civil cases, where the statute is silent upon the question of the approval of the bond. *Hamilton* v. *Phenix Ins. Co.,* 107 *Ga.* 728; *Wingard* v. *Southern Railway Co.,* 109 *Ga.* 177; *Stover* v. *Doyle,* supra; *Dykes* v. *Twiggs County,* 115 *Ga.* 700. These cases also hold that the bond must be approved by the judge or magistrate who tried the case in the first instance, and that a writ of certiorari issued before such a bond has been filed is void; and the case last cited lays

down the rule that the bond itself must, either upon its face or by other written evidence bearing the official signature of such judicial officer, show that it has been duly approved by him. The reasoning upon which this interpretation of the statute in reference to the writ of certiorari in civil cases is based would seem to apply with equal force to the statute in reference to such a writ in a criminal case tried in a county court. But owing to the construction placed upon the last-mentioned statute in *Watson* v. *State, 85 Ga.* 237, we are bound to hold, in the present case, that an approval by the county court judge of the bond given by the plaintiff in certiorari can be, and must be, implied from the mere act of such judge in sending up this bond to the superior court as a part of the proceedings in the case. In the *Watson* case, which involved a certiorari in a criminal case tried in a county court, there was a motion to dismiss the certiorari, "upon the ground that Watson had given no bond assessed by the county judge and approved as required by law." This motion was sustained by the judge of the superior court; but this court reversed the judgment, holding that "If in response to the writ of certiorari, after a conviction in the county court, the judge of that court sends up, as a part of the proceedings in the case, a bond with security given by the defendant, this is equivalent to an approval of the bond by him." In *Stover* v. *Doyle,* and in *Dykes* v. *Twiggs County,* supra, the *Watson* case was noticed, but this court refused to apply the ruling there made to a certiorari in a civil case, leaving it to stand simply as an interpretation of the statute applicable to writs of certiorari in criminal cases tried in county courts. We are now dealing with a case of the latter character, and one which, under the facts disclosed by the record relatively to the question under consideration, is exactly like the *Watson* case. We have examined the record in that case, which is of file in this court, and find that the bond there given by the applicant for the writ of certiorari was an appearance bond, signed by him as principal and another person as surety, and neither attested nor approved by any one. If the sending up of that bond to the superior court by the county-court judge was equivalent to an approval thereof by him, then, in the present case, the sending up by the judge of the county court of the appearance bond given by the accused and attested by the sheriff amounted to an approval of such bond by such judge. And if in that case the approval of the bond could be thus made by

the county-court judge after the writ of certiorari had issued, then it must follow in the present case that the approval of the bond could be made when the judge of the county court answered the writ of certiorari.

It follows from the foregoing that the judge of the superior court erred in dismissing the certiorari; and his judgment is therefore,

*Reversed. All the Justices concur.*