4390.  SOUTHERN RAILWAY COMPANY *v.* OLIVER.

The statement by the trial magistrate in his certificate to a petition for certiorari, that the petitioner has given bond and security as required by law, is not an equivalent or a sufficient substitute for the magistrate's approval of the certiorari bond.  Any attesting officer may legally witness a certiorari bond, but only the officer whose decision is to be reviewed has authority to approve it; and if the bond is unapproved at the time of its filing with the petition, it is insufficient to authorize the clerk to issue the writ; and no subsequent approval (which might be implied from the magistrate's certificate, or otherwise) can cure the

deficiency. "A writ of certiorari in a civil case, unless sued out in forma pauperis, is void, if the same be issued before the applicant has givan the bond required by the Civil Code [Code of 1910, § 5185]; and the bond, to render it effectual, must be approved by the judge or justice of the court in which the case was originally tried." *Dykes* v. *Twiggs County,* 115 *Ga.* 699-700 (42 S. E. 37). "No subsequent action approving or ratifying the bond will save the certiorari from dismissal." *State* v. *Wynne,* 4 *Ga. App.* 719 (62 S. E. 499).

DECIDED JUNE 25, 1913.

Certiorari; from Hall superior court—Judge J. B. Jones. August 1, 1912.

*Adams & Quillian, C. R. Faulkner,* for plaintiff in error.

*J. D. Underwood, W. M. Johnson,* contra.

RUSSELL, J. On the call of the case in the court below, the defendant in certiorari moved to dismiss the petition because the certiorari bond did not show on its face that it had been approved by the justice of the peace who tried the case. The judge of the superior court sustained this motion and dismissed the certiorari.

We are of the opinion that the dismissal of the certiorari was proper. The plaintiff in error relies upon decisions of the Supreme Court in which it is held that if it appears from the record that the certiorari bond has in fact been approved, the certiorari should not be dismissed, and contends that the statement of the magistrate who tried this case, in his certificate as to the payment of costs, that the petitioner "has given the bond required by law," is an implied approval of the bond which appears in the record. After a careful review of all the decisions of the Supreme Court on this point, we are convinced that there can not be such a thing as an implied approval of a certiorari bond. The statement of the magistrate, in his certificate as to the payment of costs, that the petitioner for certiorari "has given the bond required by law," is not the equivalent or a sufficient substitute for that express and unequivocal approval of the bond which must be evidenced by the signature of the magistrate prior to the filing of the petition and the issuance of the writ. There can not be such a thing as ratification of a bond by its acceptance.

In *Dykes* v. *Twiggs County,* 115 *Ga.* 698 (42 S. E. 36), the Supreme Court held that "A clerk of a superior court has no authority of law to issue a writ of certiorari, not applied for in forma pauperis, unless the plaintiff files with his petition for certiorari such a bond as that required by the Civil Code, § 4639

[Civil Code of 1910, § 5185], which must, either on its face, or by other written evidence bearing the official signature of the judicial officer before whom the case was tried in the first instance, show that it has been duly approved by him." In that case the Supreme Court followed the rulings made in *Wingard* v. *Southern Railway Co.,* 109 *Ga.* 177 (34 S. E. 275), and *Stover* v. *Doyle,* 114 *Ga.* 85 (39 S. E. 939), and Justice Fish pointed out that the statement in *Hester* v. *Keller,* 74 *Ga.* 369, that "the record must show somewhere that such justice did accept and approve the bond," the statement in *Hamilton* v. *Insurance Co.,* 107 *Ga.* 728 (33 S. E. 705), that "the fact of approval may be evidenced not only by a formal entry, but also by any conduct on the part of the trial judge showing his acceptance of the bond as a sufficient one under the law," and a similar statement in *Wingard* v. *Southern Railway Co.,* 109 *Ga.* 177 (34 S. E. 275), were "purely obiter." In the *Wingard* case, supra, the judgment of the judge of the superior court was reversed, and it was held that he erred in refusing to sustain a motion to dismiss the petition for certiorari, because it did not appear that the bond filed by the plaintiff in certiorari was approved by the justice of the peace in whose court the case had been tried. The precise ruling of the court was that "The certiorari having been issued in the absence of a duly approved bond, the writ was void, and the motion to dismiss the same ought to have been sustained;" and for this reason, as pointed out by Justice Fish in the *Dykes* case, the statement of Justice Lewis, that "while the law does not require any formal certificate of such approval, or any special method of showing the acceptance by the magistrate of the bond, yet it must appear from the record that such acceptance and approval were had," was a dictum upon a question not then before the court for decision. In *Stover* v. *Doyle,* supra, it was said in the headnote of the decision, that the bond given by the applicant for certiorari, in order to be effectual, must "in some manner" be approved by the judge or justice of the court in which the case was originally tried. In that case the petition for certiorari was dismissed upon the ground that the certiorari bond had not been approved by the judge of the court in which the case was tried; and the judgment of dismissal was affirmed. It was unnecessary to rule upon the mode of approval that might be adopted; and evidently, from the opinion of the learned Pre-

siding Justice, it was not intended to treat as sufficient any other mode of approval than that which would be implied in the plain meaning of that word; for in the opinion Judge Lumpkin said: "The statute necessarily means an approved bond, and accordingly this court, in *Hamilton* v. *Insurance Co.,* 107 *Ga.* 728, held that when a writ of certiorari issues upon the filing of a certiorari bond which has not been approved by the judge or justice of the court in which the case was tried, the writ is to be treated as a nullity." The court then declined to overrule the decisions in *Wingard* v. *Southern Railway Co.,* supra, and *Carpenter* v. *Southern Railway Co.,* 112 *Ga.* 152 (37 S. E. 186), and held that the cases of *Memmler* v. *State,* 75 *Ga.* 576, and *Watson* v. *State,* 85 *Ga.* 237 (11 S. E. 610), are applicable only to writs of certiorari in criminal cases. The rulings in *Brown* v. *State,* 124 *Ga.* 411 (52 S. E. 745), and *Johnston* v. *State,* 7 *Ga. App.* 249, 560 (67 S. E. 684), are based upon this distinction pointed out by Presiding Justice Lumpkin in the *Stover* case, supra, in referring to the *Memmler* and *Watson* cases.

The present case, however, is one of certiorari to review the judgment in a civil case; and it is clear that, as to civil cases, the ruling in the *Dykes* case, supra, is controlling; for it has been followed in *Miller Co.* v. *Anderson,* 118 *Ga.* 432 (45 S. E. 365), and in *Alabama Midland Ry. Co.* v. *Stevens,* 116 *Ga.* 790 (43 S. E. 46). And even in criminal cases, the distinction to which we have referred as dependent upon the ruling in the *Memmler* and *Watson* cases seems to be considered no longer existent or controlling; for the rule laid down in *Dykes* v. *Twiggs County,* supra, was followed in *Hill* v. *State,* 115 *Ga.* 833 (52 S. E. 745), and in *Brown* v. *State,* 124 *Ga.* 414, 415 (52 S. E. 745). Whatever may be the conflict as to the rule in certiorari in criminal cases, there can be no doubt that the correct rule in certiorari brought to review judgments in civil cases is that stated in the headnote of this decision.

*Judgment affirmed.*