### 6445.  SANFORD *v.* WADE.

A writ of certiorari in a civil case, unless sued out in forma pauperis, is absolutely void if it be issued before the applicant has given the bond prescribed by law; and the bond, to be effectual, must be approved by the judge or justice of the court in which the case was originally tried. A certificate of the trial magistrate that the plaintiff "has paid all costs accrued in the trial and given bond as required by law in said case" is not a sufficient substitute for the written approval required by law.

DECIDED NOVEMBER 19, 1915.

Certiorari; from Laurens superior court—Judge Kent. January 27, 1915.

*S. P. New,* for plaintiff.

*Davis & Sturgis, S. W. Sturgis,* for defendant.

RUSSELL, C. J.  The assignment of error in the bill of exceptions, based on the refusal of the judge of the superior court to dismiss the certiorari "on the ground that the record did not disclose that the bond given by the plaintiff in certiorari for the purpose of obtaining the writ had been accepted and approved by the justice of the peace who tried the case, but that it purported to have been witnessed by an entirely different justice of the peace," is all that need be considered in the disposition of this case.  The bond attached to the petition for certiorari appears to have been signed by the petitioner as principal and by another as surety, and to have been attested by an officer other than the justice in whose court the case was originally tried.  Immediately following the transcript of the bond in the record, the following certificate appears: "Georgia, Laurens county. I, G. F. Guest, the officer whose judgment is the subject-matter of complaint in the foregoing petition for certiorari, do hereby certify that Clinton Wade has paid all the cost accrued in the trial, and given the bond as required by law, in said case.  Witness my hand and official signature, this the 16th day of July, 1914. [Signed] G. F. Guest, J. P."  It can not be determined from these recitals whether this certificate in fact related to the bond which immediately preceded it in the record.  The justice certifies that the plaintiff had paid all the costs accrued in the trial and "had given the bond as required by law," but whether the bond given by the plaintiff, which was in the opinion of the justice the bond "required by law," was the particular bond attached to the petition does not appear.  In civil cases, unless a pauper affidavit be filed, an approved bond must accompany a petition for certiorari when it is presented in the office of the clerk of the superior court for filing, as otherwise he would be powerless to issue the writ and the proceeding be of no effect.  It has been held that where the bond of certiorari had been executed before the justice who tried the case, and he attested the bond and indorsed thereon "executed in the presence of," with his official signature attached, this did not amount to the approval required by the statute.  *State of Georgia* v. *Wynne,* 4 *Ga. App.*

719 (62 S. E. 499). The court said in that case: "The bond as it appears in the record is not approved; it is merely attested. Attestation and approval are entirely different things in law and in fact. Any attesting officer may legally witness such a bond; only the officer whose decision is to be reviewed has authority to approve it. *Hester* v. *Keller,* 74 *Ga.* 369. The bond, being unapproved at the date of its filing with the petition, was insufficient to authorize the clerk to issue the writ, and no subsequent approval, either express or implied, could cure the deficiency." See also *Dykes* v. *Twiggs County,* 115 *Ga.* 698 (42 S. E. 36). In *Stover* v. *Doyle,* 114 *Ga.* 85 (39 S. E. 939), the Supreme Court held that the section of the code "which deals with writs of certiorari in civil cases imperatively requires the party applying for the writ, unless he does so in forma pauperis, to give bond and security 'before any writ of certiorari shall issue.' The statute necessarily means an approved bond, and accordingly this court, in *Hamilton* v. *Phenix Insurance Co.,* 107 *Ga.* 728 [33 S. E. 705], held that when a writ of certiorari issues upon the filing of a bond which has not been approved by the judge or justice of the court in which the case was tried, the writ is to be treated as a nullity." See also *Wingard* v. *Southern Railway Co.,* 109 *Ga.* 177 (34 S. E. 275).

In *Dykes* v. *Twiggs County,* supra, the Supreme Court discusses and explains the *Hamilton, Wingard,* and *Stover* cases, supra, and rules that the bond "must either on its face, or by other written evidence bearing the official signature of the judicial officer before whom the case was tried in the first instance, show that it has been duly approved by him." In the *Wingard* case, supra, it was held that a certificate of the magistrate who originally tried the case, that all the costs had been paid, was not of itself sufficient evidence of his approval of the bond to warrant the issuance of the writ. The bond must be "approved in writing by the judicial officer or officers whose judgment it is sought to review." *Tippins* v. *DeLoach,* 9 *Ga. App.* 362 (71 S. E. 497). It was held, in *Walker* v. *Hillyer,* 119 *Ga.* 225 (46 S. E. 92), that where the words "Approved by," signed in his official capacity by the justice of the court in which the case was originally tried, were indorsed on a certiorari bond, and the magistrate certified that the plaintiff had paid all costs in the case and had given bond and security as required by law, this was a sufficient compliance with the statute re-

quiring in such cases the approval and acceptance of the bond, and the giving of the certificate as to the payment of all costs that had accrued. The precise question at issue was clearly and definitely decided by this court in *Southern Railway Co.* v. *Oliver,* 13 *Ga. App.* 5 (78 S. E. 684). The headnote to that decision is as follows: "The statement by the trial magistrate in his certificate to a petition for certiorari, that the petitioner has given bond and security as required by law, is not an equivalent or a sufficient substitute for the magistrate's approval of the certiorari bond. Any attesting officer may legally witness a certiorari bond, but only the officer whose decision is to be reviewed has authority to approve it; and if the bond is unapproved at the time of its filing with the petition, it is insufficient to authorize the clerk to issue the writ; and no subsequent approval (which might be implied from the magistrate's certificate, or otherwise) can cure the deficiency. 'A writ of certiorari in a civil case, unles sued out in forma pauperis, is void, if the same be issued before the applicant has given the bond required by the Civil Code [Code of 1910, § 5185]; and the bond, to render it effectual, must be approved by the judge or justice of the court in which the case was originally tried.' *Dykes* v. *Twiggs County,* 115 *Ga.* 699-700 (42 S. E. 37). 'No subsequent action approving or ratifying the bond will save the certiorari from dismissal.' *State* v. *Wynne,* 4 *Ga. App.* 719 (62 S. E. 499)." So the subsequent certificate appearing in the answer of the magistrate was likewise ineffectual. Again, this court, in *Lester* v. *Cone,* 16 *Ga. App.* 571 (85 S. E. 766), held: "A certiorari bond not approved by the magistrate who tried the case is void. Under the rulings in *Southern Ry. Co.* v. *Oliver,* 13 *Ga. App.* 5 (78 S. E. 684), and *Dykes* v. *Twiggs County,* 115 *Ga.* 698 (42 S. E. 36), the fact that the trial magistrate certified that 'all costs have been paid by the petitioner and he has given bond as required by law' is not an equivalent or sufficient substitute for such approval. Accordingly the judge of the superior court did not err in dismissing the certiorari in this case."

Since the judge of the superior court erred in overruling the motion to dismiss the certiorari because the bond attached thereto did not affirmatively show that it was approved by the justice who originally tried the case, the questions raised therein can not be considered, as the entire subsequent proceedings were nugatory.

*Judgment reversed.*