## 13221. ODOM BROTHERS COMPANY INCORPORATED *v.* STOVALL.

The certiorari was properly dismissed because the record showed that the bond which the statute required as a condition of the issuance of the writ (there being no affidavit in forma pauperis) was of a date subsequent to that of the filing of the petition for certiorari, its sanction by the judge of the superior court, and the issuance of the writ. The record could not be contradicted by the certificate of the deputy clerk of the superior court to the effect that the date of the filing of the petition for certiorari, and of its sanction and the issuance of the writ, was incorrectly entered, and that the true date was the same as that of the bond.

DECIDED JUNE 14, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. October 6, 1921.

The order of the judge of the superior court, dismissing the certiorari, states that on motion it is dismissed " as a void certiorari," on the ground that it " was not issued in forma· pauperis," and that the plaintiff in certiorari did not comply with the law as to giving bond, " the record showing that at the time said writ issued the plaintiff had not given the bond as by law required." The order states also that " it is further considered by the court

that T. C. Miller, D. C., had no right or authority to attach to this certiorari the certificate dated October 5, 1921," and "the same is not considered by this court." The certificate here referred to is as follows: " I hereby certify that I marked the within petition for certiorari as being filed July 9th, 1921, and so dated the writ of certiorari, which was the date of the judge's order sanctioning same, whereas said petition was presented for filing and said writ was issued July 11th, 1921. .T. C. Miller, Deputy Clerk." The certiorari bond was dated July 11, 1921.

*Claude Brackett, Eb. T. Williams,* for plaintiff in error.

*Harvey Hill, M. Herzberg,* contra.

BLOODWORTH, J. This case comes to this court on exceptions to an order of the judge of the superior court sustaining a motion to dismiss a certiorari. The record shows that the petition was filed, sanctioned, and the writ ordered issued on July 9th, and that the bond for the eventual condemnation money bears date July 11th. In *Carroll* v. *Inner Shoe Tire Co.,* 21 *Ga. App.* 397 (2) (94 S. E. 643), it is held: " In a certiorari proceeding in a civil cause, where no affidavit in forma pauperis is filed, the bond required, duly executed and approved, must be filed at the same time when the petition for certiorari is filed; and if not so filed, the writ must be dismissed on the hearing;" citing *Hamilton* v. *Phenix Ins. Co.,* 107 *Ga.* 728 (33 S. E. 705); *Cole* v. *Thurman,* 119 *Ga.* 55 (45 S. E. 718); *State* v. *Wynn,* 4 *Ga. App.* 719 (62 S. E. 499); *Smith* v. *McCranie,* 14 *Ga. App.* 721 (82 S. E. 307); *Sanford* v. *Wade,* 17 *Ga. App.* 366 (8 S. E. 945); Park's Code, § 5185. Plaintiff in error seeks to show, by the certificate of the deputy clerk of the superior court, that the date of the filing and the sanction of the petition was erroneously entered, and that the correct date was July 11th. The record cannot be thus contradicted. " Certificates of public officers can not prove a fact; they can only authenticate papers and records attached to their offices." *Martin* v. *Anderson,* 21 *Ga.* 301 (4). It appearing that at the time of the filing of the petition for certiorari in the office of the clerk of the superior court it was not accompanied either by the prescribed pauper affidavit or by the statutory certiorari bond, the judge of the superior court properly dismissed the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*