22583. BUTTERS MANUFACTURING COMPANY *v.* FRALEY.

DECIDED APRIL 8, 1933.

*T. B. Higdon,* for plaintiff in error.
*C. N. Davie, J. F. Kemp,* contra.

BROYLES, C. J. Butters Manufacturing Company, by petition for writ of certiorari, sought to review the decision and judgment of the appellate division of the municipal court of Atlanta, in the case of John W. Fraley *v.* Butters Manufacturing Company. The judge of the superior court passed the following order: "The writ of certiorari issued March 7, 1932. The evidence shows that the trial judge did not enter his approval of the certiorari bond until May 2, 1932. The plaintiff in certiorari did not deny it. The court has no discretion in this matter. Therefore the motion to dis-

miss the certiorari is hereby sustained, and the certiorari is hereby dismissed; judgment against plaintiff for $...... cost of case." On this judgment Butters Manufacturing Company assigns error in its bill of exceptions to this court.

■ The only proof in the record before this court as to the date of approval of the bond is that contained in the order of the judge of the superior court. Obviously, he had before him evidence to show the date of approval of the bond, as the order recites that *the evidence shows* that the trial judge did not enter his approval of the certiorari bond until May 2, 1932, and that the plaintiff in certiorari did not deny it. The plaintiff in error did not see fit to specify such evidence as material to a clear understanding of the errors complained of in its bill of exceptions, and this court is, of course, governed by the record before us. Section 5185 of the Civil Code of 1910 provides that *before* any writ of certiorari shall issue, the party applying for the same shall give bond. In *Stover* v. *Doyle,* 114 *Ga.* 85 (39 S. E. 939), it is held that "A writ of certiorari in a civil case, unless sued out in forma pauperis, is void if the same be issued *before* the applicant has given the bond prescribed by the Civil Code, § 4639 [§ 5185 of the Code of 1910]." (Italics ours.) There are numerous other decisions holding that before a writ of certiorari can properly issue, it must appear from the record that the bond required by § 5185 of the Code has been *duly* approved; and to be "duly approved" it must, among other things, be approved before the writ of certiorari issues. See *Southeastern Mutual Fire Ins. Co.* v. *Davison,* 25 *Ga. App.* 83 (102 S. E. 460) ; *Tuten* v. *Showalter,* 14 *Ga. App.* 690 (82 S. E. 154) ; *State of Ga.* v. *Wynne,* 4 *Ga. App.* 719 (62 S. E. 499) ; *Simpkins* v. *Johnson, 3 Ga. App.* 437 (2), 440 (60 S. E. 202).

■ As above stated, the date of the approval of the bond is not shown in the record before us, except in the order of the judge of the superior court, which shows it to be May 2, nearly two months after the writ of certiorari issued. Plaintiff in error seeks to rebut this by certificates from the presiding judge of the appellate division of the municipal court and the clerk of the municipal court, to the effect that "plaintiff in certiorari has given bond and security as required by law." "The statement by the trial magistrate, in his certificate to a petition for certiorari, that the petitioner has given bond and security as required by law, is not an equivalent or a suf-

ficient substitute for the magistrate's approval of the certiorari bond. . . If the bond is unapproved *at the time of its filing with the petition,* it is insufficient to authorize the clerk to issue the writ; and no subsequent approval (which might be implied from the magistrate's certificate, or otherwise) can cure the deficiency. 'A writ of certiorari in a civil case, unless sued out in forma pauperis, is void, if the same be issued *before* the applicant has given the bond required by the Civil Code [Code of 1910, § 5185]; and the bond, to render it effectual, must be approved by the judge or justice of the court in which the case was originally tried.' . . 'No subsequent action approving or ratifying the bond will save the certiorari from dismissal.'" (Italics ours.) *Southern Ry. Co.* v. *Oliver,* 13 *Ga. App.* 5 (17 S. E. 684), and cit. The foregoing authority shows not only that the certificate of the trial magistrate is not a sufficient substitute for the proper approval of the bond, but. also that the time of the approval is vital to the validity of the bond. See also *Sanford* v. *Wade,* 17 *Ga. App.* 366 (86 S. E. 945); *Lester* v. *Cone,* 16 *Ga. App.* 571 (85 S. E. 766).

■ Plaintiff in error insists that there are two general classes of certioraries, each sui generis; that one is the common-law remedy which includes certioraries from justices of the peace and other "persons exercising judicial powers;" that the other class is statutory, including decisions from the appellate division of the municipal court of Atlanta; that conceding that the approval of the certiorari bond was entered after the writ issued, and although there are no decisions authorizing the approval nunc pro tunc of such bond after the issuance of the writ of certiorari, there are no decisions holding such approval invalid in the case of certioraries from the appellate division of the municipal court of Atlanta. We think the decisions hereinbefore cited have general application, including certioraries from the appellate division of the municipal court of Atlanta. In the first place, the creation of the municipal court of Atlanta (Ga. L. 1925, p. 370) was to take the place (with enlarged jurisdiction and powers) of the justices' courts to which the general procedure applies. In the second place, the act creating said municipal court makes no attempt to go into a detailed method of procedure as to certioraries, and clearly shows that the intent of the act is that the usual procedure as to certioraries is to be followed. In fact this is essential in view of the omissions of the act relative

to procedure in cases of certiorari. Section 2 (Ga. L. 1925, p. 386) of said act provides that the writ of certiorari shall lie, and that the presiding judge of the appellate division shall acknowledge service, prepare the answer, and approve all certiorari bonds, but makes no provision as to when, how, or where the petition shall be filed or served, or when the bond shall be approved, etc. Under such language and the intent of the act as a whole, the general law applies. Under no construction of the act could the magistrate be allowed to approve the bond at any time after the writ of certiorari issued. Paraphrasing the language in *Daniel* v. *Citizens Loan & Guarantee Co., 23 Ga. App.* 684 (99 S. E. 226), we hold: The general law of this State requires that the bond given by the plaintiff in certiorari as a *condition precedent* to the issuance of the writ should be approved by the magistrate or judge whose decision is complained of. There being no special provision of law for any different procedure governing the manner in which an application for the issuance of the writ of certiorari may be made when directed to the presiding judge of the appellate division of the municipal court of Atlanta, the bond required of the petitioner in such a case must be properly and duly approved by the presiding magistrate as a "condition precedent" to the issuing of the writ of certiorari.

The writ of certiorari in the instant case having issued March 7, 1932, and the record before this court showing that the trial judge did not enter his approval of the certiorari bond until May 2, 1932, the judge of the superior court properly dismissed the certiorari.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*