25857. CLAY *v.* CITY OF LaGRANGE.

DECIDED FEBRUARY 11, 1937.

Certiorari; from Troup superior court—Judge Wyatt. July 8, 1936. (Application for certiorari denied by Supreme Court).

*John O. Owen, C. G. Reynolds, H. A. Allen,* for plaintiff in error.

*J. T. Thomasson,* contra.

GUERRY, J. 1. "The filing of the bond or making of the pauper affidavit is a condition precedent to the application for certiorari, and the *filing* of the bond together with the approval of the clerk or judge, or the making of the pauper affidavit, must affirmatively appear in the application for the writ." *Johns* v. *Tifton,* 122 *Ga.* 734 (50 S. E. 941). The petition for certiorari in the present case, which the judge of the superior court refused to sanction, which ruling is made the subject of this appeal, alleged: "Petitioner has given bond in the amount assessed by said recorder, for his appearance to abide the final order, judgment,

or sentence of said court, or the superior court in said case, which bond has been attested, accepted, and approved by the clerk of said recorder's court. A certified copy of said bond is hereto attached, marked 'Exhibit F,' and made a part of this petition. Attached hereto is a certificate of the clerk of said recorder's court of the City of LaGrange, certifying that said bond has been approved and accepted by him and filed with him as by statute provided. Certificate is marked 'Exhibit E.'" To the petition, marked "Exhibit D," is attached a bond given by the defendant, in the sum of $50, payable to the City of LaGrange. This bond appears to have been approved by J. H. Moss, clerk of the recorder's court, City of LaGrange. There is also contained in the record, as "Exhibit E," a certificate of the clerk, verifying the bond attached, and further reciting that the same was filed with him, and that he had "attested, accepted, and approved said bond." This certificate, however, bears no signature, and thus it amounts to no certificate. The mere allegation in the petition that there is attached a certificate of the clerk certifying that the bond was filed, when there is no such certificate, does not amount to an allegation that the bond had been filed; and since the bond contained in the petition does not show that it was filed, the judge did not err in refusing to sanction the petition.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*