### 26178. NILSEN *v.* CITY OF LAGRANGE.

BROYLES, C. J. 1. "The filing of the bond, or making of the pauper affidavit, required under the act approved December 10, 1902 (Acts 1902, p. 105) [Code, § 19-214], relating to a certiorari sued out to review the judgment of a municipal court *is a condition precedent* to the application for certiorari; and a *distinct averment in the petition for certiorari that the bond has been filed or the affidavit made is essential to the validity of the petition. Johns* v. *Tifton,* 122 *Ga.* 734 (50 S. E. 941). The *failure to aver in the petition for certiorari* that the bond has been filed or the affidavit made renders the petition *void.*" (Italics ours.) *Veazey* v. *Crawfordville,* 126 *Ga.* 89 (54 S. E. 817).

2. A void petition for certiorari "is an absolute nullity. It is so much waste paper, and the court has no authority to decide any question which is sought to be raised therein, and can only strike the petition from its files." *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517, 518 (46 S. E. 638); *Hill* v. *State,* 115 *Ga.* 833 (42 S. E. 286); *Dykes* v. *Twiggs County,* 115 *Ga.* 698 (42 S. E. 36); *Hamilton* v. *Phenix Ins. Co.,* 107 *Ga.* 728 (33 S. E. 705).

3. In the instant case, which was a certiorari to review the judgment of a recorder's court, there was no averment in the petition for certiorari that the required bond had been filed or the required pauper affidavit made; and under the above-stated rulings the petition for certiorari was void and a nullity, and should not have been sanctioned. "The judge of the superior court, however, having sanctioned it, committed no error in overruling and dismissing it after a hearing upon its merits. It does not appear in the judgment of dismissal for what reason the certiorari was overruled, but, as the judgment of dismissal was correct, it should nevertheless be affirmed." *Gillespie* v. *Macon,* 19 *Ga. App.* 1 (90 S. E. 970), and cit.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 7, 1937.

*E. T. Moon,* for plaintiff in error. *J. T. Thomasson,* contra.