31997. PAGE *et al.* v. WHITE.

DECIDED APRIL 29, 1948.

*J. Gordon Newman, Louis A. Burton,* for plaintiffs in error.
*Mitchell & Mitchell,* contra.

SUTTON, C. J. A judgment in a dispossessory-warrant proceeding was rendered in favor of Mrs. Nellie E. White against Mr. and Mrs. John L. Page, in the Civil Court of Fulton County, and the Pages made application to the superior court for a writ

of certiorari. The petition for certiorari was sworn to on November 5, 1947, and was sanctioned by the judge of the superior court on November 6, 1947; and the writ was issued by the clerk of the superior court on November 6, 1947. The certiorari bond was dated November 7, 1947, and was both approved by the trial judge and filed in the office of the clerk of the superior court on November 7, 1947.

The certiorari came on for a hearing, the judge of the superior court dismissed the same on January 22, 1948, and the plaintiffs in error excepted to this court.

■ Before a writ of certiorari in a civil case shall issue, the party applying for the same, his agent, or attorney shall give bond as required by Code § 19-206; or in lieu of the bond, shall make and file with his petition for certiorari an affidavit in forma pauperis (Code § 19-208). And a writ of certiorari in a civil case is void where the same is issued before the applicant has given the bond required by the statute, or has made and filed the affidavit in forma pauperis, in lieu of such bond. *Southern Railway Co.* v. *Oliver*, 13 *Ga. App.* 5 (78 S. E. 684); *Tuten* v. *Showalter*, 14 *Ga. App.* 690 (82 S. E. 154); *Stover* v. *Doyle*, 114 *Ga.* 85 (39 S. E. 939); *Dykes* v. *Twiggs County*, 115 *Ga.* 698 (42 S. E. 36); *Miller Company* v. *Anderson*, 118 *Ga.* 432, 433 (2) (45 S. E. 365). Giving bond or making the affidavit is a condition precedent, in a civil case, to the issuance of the writ. *Smith* v. *McCranie*, 14 *Ga. App.* 721 (1) (82 S. E. 307).

■ Accordingly, where, as in the present case, it appears from the record that the writ of certiorari was issued by the clerk of the superior court before the certiorari bond was made, approved, and filed, the writ was void, and the judge of the superior court did not err in dismissing the certiorari.

*Judgment affirmed. Felton and Parker, JJ., concur.*