34998. BICKERS *v.* GEORGIA REAL ESTATE
COMMISSION *et al.*

816

·Decided January 20, 1954—Adhered to on rehearing March 30, 1954.

818

820

*E. H. Stanford, Marvin O'Neal, Jr.,* for plaintiff in error.
*Eugene Cook,* Attorney-General, *J. R. Parham,* Assistant Attorney-General, *C. H. Calhoun, Jr.,* contra.

GARDNER, P. J. When the trial judge of Fulton Superior Court, to whom the petition for certiorari was properly presented upon an order of the Georgia Real Estate Commission, adverse to the respondent therein, Joseph T. Bickers (now petitioner), which board has the power to render an order suspending the license of a realty broker and salesman in this county and which hearing was under Code (Ann. Supp.) § 84-1420 (having been amended in 1929 and in 1949), rendered his order and judgment dismissing the petition for a certiorari as not having complied with the provisions of Code §§ 19-206, 19-208 as to the giving of bond or making of a pauper affidavit in lieu thereof, said petition was sued out and heard under and pursuant to the provisions of the original act of 1925 (Ga. L. 1925, p. 334), embodied as Code § 84-1421, which law has been three times amended (Ga. L. 1929, pp. 316, 319; Ga. L. 1931, pp. 7, 37; Ga. L. 1949, pp. 943, 947), and now appears in the Code Supplement as Code § 84-1421 and reads as follows: "The action of the Georgia Real Estate Commission in granting, refusing to grant or to renew a license under this Chapter, or in revoking or suspending or refusing to revoke or suspend such a license, shall be subject to appeal to the superior court by a writ of certiorari as provided by law as in other cases, and when the Commission shall have made and filed its decision, any person, firm or corporation desiring to appeal from the decision shall give 10 days' written notice to the Commission of their intention to appeal said decision." It will be noted that the losing party before the commission shall have the right to appeal to the superior court "by a writ of certiorari as provided by law as in other cases."

It is provided by Code § 19-206, applying to applications for writs of certiorari generally, that "Before any writ of certiorari shall issue, except as hereinafter provided, the party applying for the same, his agent, or attorney shall give bond and good security, condition[ed] to pay the adverse party in the cause the eventual condemnation money, *together with all future costs,* and shall also produce a certificate from the officer whose decision or judgment is the subject matter of complaint, that all costs which may have accrued on the trial below have been paid; which bond and certificate shall be filed with the petition for certiorari, and security on said bond shall be liable as securities on appeal." (Italics

ours.) The giving of this bond (which must be approved) and certificate is a condition precedent to the issuance of the writ of certiorari by the judge of the superior court. See *Davis* v. *Joiner,* 1 *Ga. App.* 106 (2) (58 S. E. 62); *Smith* v. *McCranie,* 14 *Ga. App.* 721 (82 S. E. 307). It is true that the courts have ruled that the provisions of this section have no application to criminal cases. *Colvard* v. *State,* 118 *Ga.* 13 (43 S. E. 855). Such petition for certiorari in a civil proceeding is void. *Page* v. *White*, 77 *Ga. App.* 21 (47 S. E. 2d 662). It is the duty of the judge of the superior court in such an instance to dismiss the petition for certiorari.

"If the party applying for the writ of certiorari will make and file with his petition an affidavit, in writing, that he is advised and believes that he has good cause for certiorari to the superior court, and that owing to his poverty he is unable to pay the costs or give security as the case may be, as required in the preceding section, such affidavit shall in every respect answer instead of the certificate and bond above mentioned, as the case may be." Code § 19-208. The provisions of this section along with Code § 19-206 are mandatory, and where it affirmatively appears from the petition for certiorari that there was a failure to give bond under Code § 19-206 or a failure to make the affidavit under Code § 19-208, such failure renders the petition for certiorari void and an absolute nullity, and the petition cannot proceed. *Page* v. *White,* supra. The filing of the bond or making of the pauper affidavit is a condition precedent to an application to the superior court for writ of certiorari, and such filing, together with the approval of the clerk or judge, must affirmatively appear in the application or petition for the writ. *Clay* v. *City of LaGrange,* 55 *Ga. App.* 239 (189 S. E. 863); *Nilsen* v. *City of LaGrange,* 55 *Ga. App.* 676 (191 S. E. 175); *Veazey* v. *City of Crawfordville,* 126 *Ga.* 89 (54 S. E. 817).

A proceeding and hearing before the Georgia Real Estate Commission brought under and heard pursuant to Code (Ann Supp.) § 84-1420 is not a criminal case, nor does the order and judgment of the commission suspending or revoking the license of any real-estate broker or salesman on a hearing before the commission brought under this law have the effect of an order of a criminal or penal nature. The case of the petitioner, Bick-

ers, brought on the written complaint of R. S. Monroe, is not a criminal case, and it is not for that reason rendered such a case or proceeding that compliance with the provisions of the general law is sufficient. See Code §§ 19-206, 19-208; *Colvard* v. *State*, supra; *Dixon* v. *State*, 121 *Ga.* 346 (49 S. E. 311); *Brown* v. *State*, 124 *Ga.* 411 (52 S. E. 745).

While there was no eventual condemnation money involved in such proceeding before the Georgia Real Estate Commission, the bond is required for future costs, a certificate that any costs due have been paid, or an affidavit that the party seeking the writ of certiorari is unable because of his poverty to make the bond and pay the costs. See Code §§ 19-206 and 19-208, supra.

The Judge of the Superior Court of Fulton County properly dismissed the petition of Joseph T. Bickers for the writ of certiorari.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*