38535. COLEMAN *et al.* v. MAYOR &c. OF SAVANNAH.

CARLISLE, Judge. 1. "Where a writ of certiorari is sought, to correct a judgment of a recorder's court or other police court of a town or city, by whatever name known, the petitioner for certiorari (unless from his poverty he is unable to give bond) must file a bond 'conditioned for the personal ap-

pearance of the defendant to abide the final order, judgment, or sentence of said court, or of the superior court in said case.' (Acts 1902, p. 105.) Such bond should be payable to the municipal corporation under which such municipal court exists, and be in an amount and with surety acceptable to and approved by the clerk of that court, or, if no clerk, by the officer of said town or city who may have rendered the judgment of which complaint is made." *McDonald v. Town of Ludowici*, 3 Ga. App. 654 (3) (60 S. E. 337). *Code* § 19-214.

2. Where, as in this case, the record shows that the bonds filed by the defendants had named therein as obligee the Governor of the State of Georgia and his successor in office, under the authority cited in the foregoing headnote, such bond was not a legal bond as is contemplated under the provisions of *Code* § 19-214, and the failure of the petitioners to give the proper bond rendered their petition for certiorari void.

3. "A void petition for certiorari 'is an absolute nullity. It is so much waste paper, and the court has no authority to decide any question which is sought to be raised therein, and can only strike the petition from its files.' *Citizens Banking Co. v. Paris*, 119 Ga. 517, 518 (46 S. E. 638); *Hill v. State*, 115 Ga. 833 (42 S. E. 286); *Dukes v. Twiggs County*, 115 Ga. 698 (42 S. E. 36); *Hamilton v. Phenix Ins. Co.*, 107 Ga. 728 (33 S. E. 705)." *Nilsen v. City of LaGrange*, 55 Ga. App. 676 (2) (191 S. E. 175). The judge of the superior court in this case did not err in refusing to sanction the writ of certiorari.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*

DECIDED OCTOBER 27, 1960.

B. *Clarence Mayfield,* for plaintiffs in error.
*Oliver, Davis & Maner, Edwin Maner, Jr.,* contra.