## MOHRMAN v. CITY COUNCIL OF AUGUSTA.

Section 4639 of the Civil Code applies exclusively to civil cases; and therefore the provision therein which declares that a party applying for the writ of certiorari "shall give bond and good security, conditioned to pay the adverse party in the cause the eventual condemnation-money," is not applicable where one convicted in a municipal court of a violation of a city ordinance is seeking to obtain a writ of certiorari.

Argued January 20, — Decided July 28, 1898.

Certiorari. Before Judge Callaway. Richmond superior court. April term, 1897.

*P. J. Sullivan*, for plaintiff in error.
*M. P. Carroll* and *W. H. Barrett*, contra.

FISH, J. Plaintiff in error was convicted, in the recorder's court of the City of Augusta, of violating an ordinance of that

city, and fined $100.00. Her certiorari from the judgment of the recorder was dismissed in the superior court, upon the ground that the bond given by her, and attached to her petition for certiorari, did not appear to have been approved by the recorder who tried the case. The bond was for the payment of "$100.00, or the eventual condemnation-money, and all future cost in said case." Error is assigned upon the dismissal of the certiorari.

Section 4639 of the Civil Code provides that, "Before any writ of certiorari shall issue, . . the party applying for the same . . shall give bond and good security, conditioned to pay the adverse party in the cause the eventual condemnation-money, together with all future costs, . . which bond shall be filed with the petition for certiorari," &c. While the language of this section seems sufficiently broad to cover all cases, we are confident it was never intended that the giving of an eventual condemnation-money bond should be a condition precedent to the issuance of a writ of certiorari in a case where one has been convicted in a corporation court of the violation of a municipal ordinance. What would be the eventual condemnation-money in such a case? We can not believe that the statute means that a person so convicted and fined shall give an eventual condemnation-money bond for the payment of the fine, upon which bond judgment may be entered up against the principal and his sureties, in the event his certiorari be overruled or dismissed. If so, what would be the procedure, if an alternative sentence, fine or imprisonment, should be imposed, and the petitioner, upon the overruling of his certiorari, should elect to serve the term of imprisonment rather than to pay the fine? What would be the liability on the bond in such a case? Again, suppose the sentence should be to serve a term in prison, or in the city chain-gang, without the imposition of a fine, what then would be the eventual condemnation-money? Evidently, the provisions of the section under consideration as to giving the bond apply exclusively to civil cases, and not to a case where one convicted in a municipal court of a violation of a city ordinance is seeking to obtain a writ of certiorari— the latter case being in its nature a criminal proceeding. *Cranston* v. *Mayor of Augusta*, 61 *Ga.* 572. We know of no law re-

quiring any bond to be given as a condition precedent to the issuance of the writ of certiorari, where one has been convicted, in a corporation court, of the violation of a municipal ordinance. And as the plaintiff in error was not required to give any bond in order to obtain the writ, it was immaterial whether or not the bond she did give had been approved by the recorder who tried the case; therefore the court below erred in dismissing the certiorari for the want of such approval.

*Judgment reversed. All the Justices concurring.*