### DIXON v. THE STATE.

1. Where the only provision for certiorari proceedings in an act creating a city court indicates a legislative intent that the general provisions of the Civil Code, § 4637, relating to such proceedings from " inferior judicatories," should apply, no bond is required in criminal cases as a condition precedent to the issuance of the writ.
2. The writ of certiorari may stay the execution of the sentence, but of itself does not discharge the prisoner from confinement.   That privilege must be secured as in all other bailable cases.

Submitted November 21, — Decided December 9, 1904.

Certiorari.   Before Judge Mitchell.   Berrien superior court. September term, 1904.

In the city court of Tifton Dixon was convicted of a misdemeanor.   He applied for a writ of certiorari, making the affidavit

that it is not filed for the purpose of delay only, and that he is advised and believes that he has good cause for "certiorarying" the proceedings to the superior court; that he has not had a fair trial; that he has been wrongfully and illegally convicted; that owing to his poverty he is unable to pay the cost, but gives security and bond as required by law.

*Murrow & Pate* and *J. J. Murray*, for plaintiff in error.
*W. E. Thomas, solicitor-general*, contra.

LAMAR, J. The certiorari was dismissed by the judge of the superior court, upon the sole ground that no proper bond had been given by the plaintiff in certiorari. This was error. In *Daughtry* v. *State*, 115 *Ga.* 819 (a certiorari from the city court of Waynesboro), and in *Colvard* v. *State*, 118 *Ga.* 13 (a certiorari from the city court of Forsyth), it appeared that the acts creating those courts did not provide a method by which a defendant could obtain the benefit of the writ of certiorari. But it was held that the right to the remedy existed; and the clear deduction from these cases is that if no other method is declared, the right should be made effective by the general method prescribed in the Civil Code, § 4637. The act creating the city court of Tifton (Acts 1902, p. 174) provides that certiorari from that court is "to be issued, heard, and determined like certioraris from justice and other inferior courts as now or as may be hereafter prescribed by law," thereby incorporating the provisions of this section of the code. It added no new power to the superior court of Berrien county, but the special act was merely declaratory of an existing power to issue the writ. This being true, the language used in the *Colvard* case (page 16) is applicable. It was there held, that, as the law now stands, "one found guilty of the commission of a criminal offense can not, if convicted in a court such as the city court of Forsyth, be legally called on to pay the costs or furnish a bond of any kind, if he elects to carry his case by certiorari to the superior court."

But it was contended by the solicitor-general that these provisions as to certiorari in the act creating the city court of Tifton made applicable section 765 of the Penal Code, relating to such proceedings in county courts in criminal cases. But this section is special and relates only to county courts. If the contention be

correct, that section would have been equally applicable in the *Daughtry* and *Colvard* cases, in the latter of which it was ruled that no bond was required, though the Penal Code, § 765, does require a bond in such applications from the county court. The city court of Tifton stands on the same footing, in this respect, as the city court of Forsyth. Besides, if the general method in the Civil Code, § 4637, is not to be followed, which of the special methods is to be adopted? Shall it be that in the Penal Code, § 765, relating to county courts, or that in the act of 1902 (p. 105), relating to certiorari from a municipal court? All three can not apply. The language of the statute here clearly indicates a legislative intent that the general provisions of the Civil Code, § 4637, relating to such proceedings from inferior judicatories, should apply. No bond is required thereunder in criminal cases as a condition precedent to the issuance of the writ. This makes it unnecessary to determine whether the bond actually given was such as demanded by section 765 of the Penal Code.

The writ of certiorari may stay the sentence (Civil Code, § 4645, *Taylor* v. *Gay*, 20 *Ga.* 77 (1), but of itself it does not discharge the prisoner from confinement. That privilege must be secured as in all other bailable cases.

*Judgment reversed.   All the Justices concur.*