### MILLER v. THE STATE.

EVANS, J. 1. Unless the act creating a city court prescribes the method of taking a case by certiorari to the superior court, the procedure pointed out in the Civil Code, § 4637, is to be followed, as was done in the present case. *Dixon* v. *State,* 121 *Ga.* 346.

2. The plaintiff in certiorari having complied with all the requirements of the law in regard to the time and manner of presenting his petition for certiorari to the judge of the superior court, and having affirmatively alleged that on the trial in the city court there was no proof of venue, the petition should have been sanctioned. *Simpson* v. *Town of Lumpkin,* 121 *Ga.* 167.          *Judgment reversed. All the Justices concur.*

Submitted October 15,— Decided November 7, 1906.

Petition for certiorari. Before Judge Mitchell. Tift superior court. July 11, 1906.

*R. D. Smith,* for plaintiff in error.

*W. E. Thomas, solicitor-general,* contra.

---

### WHITEHEAD v. THE STATE.

LUMPKIN, J. 1. There was no abuse of discretion on the part of the court in admitting evidence of certain inculpatory statements made by the defendant, over objection on the ground that they were not in rebuttal. The reopening of a case for additional evidence is largely a matter of discretion with the presiding judge.

2. The evidence warranted the verdict of guilty, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

Argued October 15,— Decided November 7, 1906.

Indictment for burglary. Before Judge Little. Muscogee superior court. July 16, 1906.

*D. L. Parmer,* for plaintiff in error.

*S. P. Gilbert, solicitor-general,* contra.