### 1315.  HOOD *v.* THE STATE.

1. It is error to refuse to sanction a petition for certiorari, properly verified, when, according to the statement of the evidence contained in the petition, the finding sought to be reviewed is, for want of sufficient evidence, unwarranted.

2. A petition for certiorari to correct errors of the criminal court of Atlanta is properly verified by an affidavit in the form contained in § 4638 of the Civil Code. In the absence of express legislation to that effect, the affidavit provided in § 765 of the Penal Code has no reference to certioraries brought to review errors alleged to have been committed in the criminal court of Atlanta; for the reason that such right of review is dependent upon general, and not special, provisions of law.

Certiorari, from Fulton superior court—Judge Pendleton. July ·8, 1908.

Submitted October 6,—Decided October 12, 1908.

*Eugene Dickey,* for plaintiff in error. *C. D. Hill, solicitor-general, Lowry Arnold, solicitor, D. K. Johnston,* contra.

RUSSELL, J. The plaintiff in error was convicted in the criminal court of Atlanta, upon an accusation charging him with the offense of vagrancy. A petition for certiorari was presented by him to the judge of the superior court, who refused to sanction the same; and he excepts to this refusal.

1. As related in the petition for certiorari, the conviction was wholly unauthorized by the evidence submitted; and, under the previous rulings of this court, when a petition for certiorari is presented to the judge of the superior court, the statements therein contained must be assumed to be true. If they be untrue, that fact is to be ascertained from the contents of the answer. The evidence in this case, as stated in the petition, shows merely that the defendant was passing through Hapeville, walking to

his home at Molena; and, because one of the witnesses suspected
that he might be "planning some deviltry," and two witnesses,
who had never seen him before, swore that they did not know the
defendant had any property and they had never seen him at work,
the jury returned a verdict of guilty against the accused. No
witness swore that he did not work, or that he did not have
any property; and, in fact, no witness was introduced who knew
or claimed to know anything about the defendant, his habits, or
his financial condition.

2. The conviction being so manifestly unsupported by any
evidence, we apprehend that the real reason why the learned judge
of the superior court declined to sanction the petition for cer-
tiorari lay in the fact that the defendant had not complied with
the requirements of §765 of the Penal Code, which declares that
the writ of certiorari shall not be granted unless the accused shall
file his affidavit stating that he has not had a fair trial, and has
been wrongfully and illegally convicted. It appears from the
record that the petitioner for certiorari did not present the affi-
davit required by this code section; and the point is insisted
upon by the counsel for the State, in his brief. The plaintiff in
error did attach to his petition for certiorari, however, the affi-
davit required in §4638 of the Civil Code; and we think that this
was sufficient. The trial of which the defendant was complaining
occurred in the criminal court of Atlanta. Section 765 of the
Penal Code is taken from the Acts of 1871-1872, p. 296, sec. 14,
and it is strictly applicable only to certioraries brought for the
correction of errors committed by judges of county courts. The
act creating the criminal court of Atlanta (Acts of 1890-1891, p.
935) creates a court sui generis. It is neither a county nor a
city court; and the subject of certiorari is not mentioned in the
act. The right of certiorari, however, is a constitutional right,
and a defendant tried in the criminal court of Atlanta certainly
could not be deprived of that right by reason merely of the fact
that the act constituting that court is silent upon the subject. If,
then, one convicted of crime in the criminal court of Atlanta de-
sires to bring a certiorari to correct errors in that court, as his
right depends upon the general law, he must proceed to pursue his
remedy under the general law upon the subject of certiorari which
prevailed prior to the passage of the act of 1871, and must file

the affidavit provided in §4638 of the Civil Code, which was taken from the act of 1850, and which was applicable to all certioraries, whether civil or criminal.   The act of 1871 provided an exception in cases arising from the county courts; and, as the criminal court of Atlanta is not within that exception, and there is no special provision made therein for certioraries, the mode of procedure, in applying for the certioraries, must be controlled, not by the exception, but by the general law.   Many of the acts creating city courts enact that the procedure applicable to certioraries from the county courts shall be applied to writs brought to correct errors in these judicatories; and, of course, petitions for certiorari from such courts must be verified by the affidavit prescribed in §765 of the Penal Code; but in the absence of an express enactment to this effect, petitions for certiorari, even in criminal cases, unless from the county courts, are to be verified in the terms of §4638 of the Civil Code.   We are clear, therefore, that the affidavits filed by the plaintiff in error in this case were sufficient to verify his petition for certiorari from the criminal court of Atlanta, and that to withhold sanction of the petition for certiorari upon that ground would be erroneous.

*Judgment reversed.*