## 5854.  LAWS *v.* THE STATE.

1. An application for a writ of certiorari, to correct errors alleged to have been committed in the criminal court of Atlanta, need not be accompanied by a bond conditioned for the appearance of the accused to answer and abide the final order, sentence, and judgment of the court, as is required in petitions for certiorari from municipal courts.

2. "Until the time for the answer to the writ has arrived, the statements of the petition as to the evidence, rulings of the court, or any other fact which developed or transpired in any proceeding in the lower court, taken as the truth, are to be applied by the reviewing court to such assignments of error as are properly presented by and contained in the petition." *Linder* v. *Renfroe,* 1 *Ga. App.* 58 (2) (57 S. E. 975).
                    DECIDED NOVEMBER 4, 1914.

Certiorari; from Fulton superior court—Judge Pendleton. May 23, 1914.

*Bernard L. Chappell,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general,* contra.

RUSSELL, C. J. The plaintiff in error was convicted in the criminal court of Atlanta upon the charge of cruelty to an animal, and presented to the judge of the superior court a petition for certiorari. The judge of the superior court refused to sanction the issuance of the writ, and exception is taken thereto. The rule is well settled that if the statements of the petition make a prima facie case of error, the judge of the superior court should sanction the petition and order the issuance of the writ, leaving the verity of the allegations of the petition and the merits of the petitioner's complaint to be determined upon the coming in of the answer. *Linder* v. *Renfroe,* supra. But it is properly argued by counsel for the defendant in error that if the judge's order, which consisted only of the words "read and denied," is for any reason correct, the judgment should be affirmed; and it is insisted that the judge's refusal to sanction the certiorari was proper for the reason that the petition was not accompanied by a proper bond, even if for other reasons the petition should have been sanctioned.

1. A petitioner who seeks by certiorari to review a judgment of the criminal court of Atlanta can not be deprived of that right because of the fact that he does not present with the petition a bond for his compliance with the final order or judgment of the court. He need not procure a bond in advance of the sanction of the certiorari; and he need not give bond, unless he seeks a supersedeas of the judgment and release from confinement. As has previously been held by this court, "The act creating the criminal court of Atlanta (Acts of 1890-1891, p. 935) creates a court sui generis. It is neither a county nor a city court; and the subject of certiorari is not mentioned in the act." *Hood* v. *State,* 4 *Ga. App.* 847 (62 S. E. 570). To the same effect is the holding of the Supreme Court in *Welborne* v. *State,* 114 *Ga.* 815 (40 S. E. 857). The ruling in the case at bar, upon this point, must be controlled by the decision in *Hood's* case, supra, although in that case we were dealing only with the fact that the petitioner for certiorari did not present the affidavit required by section 765 of the Penal Code of 1895; and for the same reason; for the right of certiorari is a con-

stitutional right, and a defendant tried in the criminal court of Atlanta can not be deprived of that right by reason merely of the fact that the act constituting that court is silent upon the subject. The right of one convicted of crime in the criminal court of Atlanta to the writ of certiorari, to correct errors alleged to have been committed in that court, being dependent upon the general law, he must pursue his remedy under the general law on the subject of certiorari, and must file the affidavit provided for in section 5184 of the Civil Code. And, as to all steps to be taken in the proceedings, there is no difference between civil and criminal cases. In *Dixon* v. *State*, 121 *Ga.* 346 (49 S. E. 311), the precise point now before us was ruled; and it was held that where the only provision for certiorari proceedings in an act creating an inferior judicatory indicated the legislative intent that the general provisions of the Civil Code should prevail, no bond was required in criminal cases as a condition precedent to the issuance of the writ. Mr. Justice Lamar, in delivering the opinion of the Supreme Court in that case, said: "If the general method in the Civil Code, § 4637, is not to be followed, which of the special methods is to be adopted? Shall it be that in the Penal Code, § 765, relating to county courts, or that in the act of 1902 (p. 105), relating to certiorari from a municipal court? All three can not apply. The language of the statute here clearly indicates a legislative intent that the general provisions of the Civil Code, § 4637 [now § 5183], relating to such proceedings from inferior judicatories, should apply. No bond is required thereunder in criminal cases as a condition precedent to the issuance of the writ. This makes it unnecessary to determine whether the bond actually given was such as demanded by section 765 of the Penal Code."

Counsel for the defendant in error insists that a bond such as is required for persons applying for certiorari from the judgment of a municipal court should have been given, but, as pointed out by Simmons, C. J., in *Colvard* v. *State*, 118 *Ga.* 13 (43 S. E. 855), citing *Mohrman* v. *Augusta*, 103 *Ga.* 841 (31 S. E. 95), "Since the decision in that case was announced, the General Assembly has taken hold of the subject and straightened the matter out, so far as cases originating in a municipal court are concerned, by declaring that an applicant for a writ of certiorari shall (unless unable from poverty to do so) furnish a bond, with an acceptable

surety, payable to the municipal corporation, and 'conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of said court, or of the superior court.' . . The legislature might well provide a similar method of procedure to be followed in criminal cases originating in other courts of inferior jurisdiction whose judgments are reviewable in the superior court by writs of certiorari. As the law now stands, we are firmly of the opinion that one found guilty of the commission of a criminal offense can not, if convicted in a court such as the city court of Forsyth, be legally called upon either to pay costs or furnish a bond of any kind, if he elects to carry his case by certiorari to the superior court." This is a very clear statement that no bond is required before the sanction of a certiorari from the judgment of an inferior judicatory such as the criminal court of Atlanta, where the legislature has not seen fit to provide an exception to the general rule. Under section 5192 of the Civil Code the petitioner in this case would have been required to file a bond as therein described in order to obtain a supersedeas, but the right of review and that of supersedeas are not inseparable; and in any event the question as to the bond and its effect in operating to discharge the defendant from confinement (if he was confined) could not be raised except upon the filing of the petition and the issuance of the writ. If the petition stated a meritorious case for the issuance of the writ, the petitioner was entitled to have his petition sanctioned, even if he gave no bond.

It is unnecessary to decide whether the bond which appears in the record is sufficient to have effected the defendant's release from confinement, or to have operated as a suspension of the judgment, for the petition was not sanctioned. If the bond be defective, it would have afforded good ground to dismiss the certiorari, but the defect could not avail to defeat the sanction of the petition, for the petitioner might have been advised of the defect before filing his petition, and he could then, in advance of the filing, have substituted a different and a sufficient bond.

2. Since the merit of the order refusing to sanction the petition should therefore be determined by the averments of the petition, we come to consider whether any of the assignments of error in the petition were meritorious. Of course there is no merit in the assignment that the witnesses were not sworn; for it appeared

from the record that the defendant introduced witnesses, and that no such objection was made at the trial. The failure of the witnesses to swear must therefore be treated as having been waived. From a review of the evidence as stated in the petition, however, it appears that there was no testimony tending to show that the accused whipped or beat the horse as alleged in the indictment; and there are other exceptions which are meritorious. It is not necessary to recapitulate these assignments, for some of them are apparently so meritorious that we are constrained to believe that the judge of the superior court declined to sanction the petition solely because he entertained the opinion that a good bond should accompany the application for certiorari, and because he was further of the opinion that the bond presented was insufficient. It may be that the petition does not truly represent what occurred on the trial, but this can only be determined upon the coming in of an answer from the presiding judge of the criminal court of Atlanta.

*Judgment reversed. Roan, J., absent.*