### 8961, 8962. MOSELY v. THE STATE.

BROYLES, P. J. 1. As no method of taking a case by certiorari to the superior court from the city court of Springfield is prescribed by the act creating that court (Acts 1908, p. 211), a petition for certiorari to correct errors of the city court of Springfield is properly verified by an affidavit in the form contained in Civil Code (1910), § 5184. In such a case the affidavit provided for in Park's Ann. Penal Code, 790 (ff), is not applicable. *Dixon* v. *State*, 121 *Ga.* 346 (49 S. E. 311); *Miller* v. *State*, 126 *Ga.* 558 (55 S. E. 405); *Hood* v. *State*, 4 *Ga. App.* 847 (62 S. E. 570).

2. Under the ruling in the preceding note, the court erred in dismissing the writ of certiorari on the ground that the affidavit did not contain the averment "that he [defendant] has not had a fair trial, and has been wrongfully and illegally convicted."

*Judgment reversed. Bloodworth and Harwell, JJ., concur.*
DECIDED OCTOBER 30, 1917.

Certiorari; from Effingham superior court—Judge Sheppard. May 5, 1917.

*Don H. Clark,* for plaintiff in error.

---

### 8985. CROWDER v. THE STATE.

BROYLES, P. J. The defendant, who was charged with a misdemeanor, waived a trial by jury, and entered a plea of not guilty. He was found guilty by the court, and was sentenced to pay a fine of $25 and costs, or to serve six months in the county chain-gang. Only the usual general grounds are contained in the motion for a new trial. The evidence was sufficient to authorize the judge, who by consent was exercising the functions of both judge and jury, to adjudge the defendant guilty, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*
DECIDED OCTOBER 30, 1917.

Accusation of misdemeanor; from city court of Tifton—Judge Price. June 4, 1917.

*John Henry Pool, C. C. Hall,* for plaintiff in error.
*J. S. Ridgdill, solicitor,* contra.