### 14144.  HOWARD *v.* THE STATE.

BROYLES, C. J.  1. The ruling in *Gillespie* v. *Mayor &c. of Macon,* 19 *Ga. App.* 1 (90 S. E. 970), that a petition for certiorari to review the judgment of a police or recorder's court should be dismissed unless there

be attached to the petition a certified copy of the certiorari bond and a certificate from the clerk of the trial court that the bond was filed and approved by him, does not apply to a certiorari from the criminal court of Atlanta. One convicted in that court of a criminal offense, who desires to have the judgment reviewed by certiorari, is not obligated to give any bond. *Dixon* v. *State*, 121 *Ga*. 346 (49 S. E. 311), and citations; *Malone* v. *State*, 27 *Ga. App*. 53 (1). See also, in this connection, *Hood* v. *State*, 4 *Ga. App*. 847 (62 S. E. 570); *Welborne* v. *State*, 114 *Ga*. 815 (40 S. E. 857); *Laws* v. *State*, 15 *Ga. App*. 361 (83 S. E. 279).

2. While it is true that where a criminal case is tried in an inferior judicatory and carried to the superior court by certiorari, a copy of the accusation should be attached to the petition for certiorari or incorporated in the answer of the trial judge, yet where this is not done, and no question as to the sufficiency of the accusation is raised in the petition for certiorari, the judge of the superior court should not dismiss the certiorari, if any of the errors complained of in the petition and verified by the answer can be determined without reference to the accusation. *Georgia Southern & Florida Ry. Co.* v. *State*, 116 *Ga*. 845 (2) (43 S. E. 254); *Sisk* v. *Anderson Phosphate & Oil Co.*, 9 *Ga. App*. 483 (1) (71 S. E. 763).

3. Under the above rulings the judge of the superior court erred in dismissing the certiorari on the ground that no copy of the certiorari bond, or certificate of the clerk of the trial court, or copy of the accusation, was attached to the petition for certiorari.

       *Judgment reversed. Luke and Bloodworth, JJ., concur.*
       DECIDED MARCH 7, 1923.

Certiorari; from Fulton superior court — Judge Bell. October 27, 1922.

*Morrow & Morrow,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *Roy Dorsey,* solicitor, *E. A. Stephens,* contra.