## 21680. MANTOVANI *v.* CITY OF ATLANTA.

DECIDED SEPTEMBER 4, 1931.

*A. D. G. Cohn, Hyman M. Morris,* for plaintiff in error.

*J. L. Mayson, C. S. Winn, J. C. Savage,* contra.

LUKE, J. A. J. Mantovani, being convicted in the recorder's court of the city of Atlanta, carried his case by certiorari to the superior court of Fulton county. When the case was called for hearing in the superior court, the defendant in certiorari made a motion to dismiss the certiorari for the reason that the surety on the certiorari bond had executed the same as follows: "Joel Lunsford by R. F. Mobley, his attorney in law;" and that "said bond was not a valid bond, because no power of attorney was attached thereto showing the authority of said Mobley to sign said bond for Lunsford." The court sustained this motion, and dismissed the certiorari, and to this action of the court the plaintiff in certiorari excepts and assigns error thereon.

While a certificate from the clerk or presiding officer of the trial court that a bond has been accepted and approved should be accepted as prima facie true, it is not conclusive that a proper bond has been given, and if the bond itself is sent up with the record and shows on its face that a legal bond has not been given, the certiorari should be dismissed. Section 5192 of the Code of 1910 provides that one seeking the writ of certiorari shall file a bond "in amount and with security acceptable to and to be approved by the clerk, judge, or majority of the commissioners, as the case may be." The statute does not impose upon the clerk or trial judge the duty of deciding whether the bond is executed as required by law. There are numerous cases where the judge of the superior court passed upon the sufficiency of a certiorari bond. See *Roberts* v. *Mayor &c. of Colquitt,* 17 *Ga. App.* 557 (87 S. E. 816); *Hubert* v. *Thomasville,* 18 *Ga. App.* 756 (90 S. E. 720). Unless it appears that the requirements as to giving bond have been fully complied with, the petition for certiorari should not be sanctioned, and if sanctioned without all necessary requirements being complied with, it should be dismissed on the hearing. *Gillespie* v. *Mayor &c. of Macon,* 19 *Ga. App.* 1 (90 S. E. 970). The security's name on the certiorari bond in the instant case being signed by R. F. Mobley, his attorney in law, and no power of attorney being attached showing the attorney's authority to sign the security's name, the court, on motion, properly dismissed the certiorari. *Southern Express Co.* v. *Wheeler,* 72 *Ga.* 210 (3); *Foley & Wil-*

*liams Mfg. Co.* v. *Bell,* 4 *Ga. App.* 447 (2) (61 S. E. 856); *American National Insurance Co.* v. *Jordan,* 26 *Ga. App.* 320 (105 S. E. 852).

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*