29650. ELLETT v. CITY OF COLLEGE PARK.

NICHOLS, Chief Justice.

Appellant Sandra J. Ellett was arrested in the City of College Park for violation of a municipal ordinance. Upon her arrest she posted a cash bond with the city police department. She was tried in city court, found guilty, and fined an amount equal to that of her cash bond. She thereupon applied to the Superior Court of Fulton County for writ of certiorari which was granted. Respondent moved to dismiss the writ on grounds that appellant had failed to file either a security bond pursuant to Code § 19-206 or a pauper's affidavit. Appellant then amended her application as permitted under Code Ann. § 19-403 and attacked both the bond requirement of Code § 19-206 and the municipal ordinance under which she was convicted as being unconstitutional.

After a hearing the superior court dismissed the writ "for failure to file bond or pauper's affidavit." The order did not mention Code § 19-206 or expressly pass upon its constitutionality. Appellant appealed to the Court of Appeals which transferred the case to this court.

Pretermitting the question of whether Code § 19-214 or some other statute governs the procedure for seeking certiorari in the present case, it is clear that Code § 19-206 has no application where certiorari is sought for review of a conviction based upon violation of a municipal ordinance. *Brown v. State,* 124 Ga. 411 (52 SE 745); *Dixon v. State,* 121 Ga. 346 (1) (49 SE 311); *Colvard v. State,* 118 Ga. 13 (43 SE 855); *Mohrman v. City Council of Augusta,* 103 Ga. 841 (31 SE 95); *Malone v. State,* 27 Ga. App. 53 (107 SE 358). It cannot be inferred, therefore, that the superior court passed upon the constitutionality of Code § 19-206. Accordingly, this court cannot reach appellant's constitutional attack upon that statute. *Phillips v. National Ben Franklin Ins. Co.,* 229 Ga. 258 (190 SE2d

916); *Campbell v. J. D. Jewell, Inc.,* 220 Ga. 400 (139 SE2d 161); *Vandiver v. Williams,* 218 Ga. 60 (126 SE2d 210); *Gunby v. Harper,* 216 Ga. 94 (114 SE2d 856).

There being nothing in this appeal which draws in question the constitutionality of a statute, and there being no other basis for this court's jurisdiction under Art. VI, Sec. II, Par. IV of the State Constitution, the appeal must be returned to the Court of Appeals.

*Returned to the Court of Appeals. All the Justices concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED FEBRUARY 25, 1975.

*Sneed, Roberts & Associates, B. J. Roberts,* for appellant.

*George E. Glaze,* for appellee.