### 50675. ELLETT v. CITY OF COLLEGE PARK.

QUILLIAN, Judge.

The petitioner brought a writ of certiorari to Fulton Superior Court from a finding of guilty to a violation of a City of College Park ordinance. Respondent moved to dismiss the writ on the grounds that petitioner failed to file a security bond pursuant to Code § 19-206, or a pauper's affidavit. Petitioner by amendment sought to attack the bond requirement of Code § 19-206 and the municipal ordinance under which she was convicted as being unconstitutional.

After a hearing, the trial judge found the petition "to be defective for failure to file bond or pauper's affidavit as required" and dismissed the writ. Appeal was taken from that order. *Held:*

1. The Supreme Court in returning the case to this court held: "Pretermitting the question of whether Code § 19-214 or some other statute governs the procedure for seeking certiorari in the present case, it is clear that Code § 19-206 has no application where certiorari is sought for review of a conviction based upon violation of a municipal ordinance. . . It cannot be inferred, therefore, that the superior court passed upon the constitutionality of Code § 19-206. Accordingly, this court cannot reach appellant's constitutional attack upon that statute. [Cits.]" *Ellett v.*

*City of College Park,* 233 Ga. 858 (213 SE2d 700).

2. The rule is well established that the filing of security bond or pauper's affidavit (see Code §§ 19-214 and 19-215) is a condition precedent to an application for certiorari to review a judgment of conviction in city court. *West v. City of College Park,* 116 Ga. App. 355 (157 SE2d 491). Accord, *Hubert v. City of Thomasville,* 18 Ga. App. 756 (90 SE 720); *Nilsen v. City of LaGrange,* 55 Ga. App. 676 (191 SE 175); *Johns v. City of Tifton,* 122 Ga. 734 (50 SE 941); *Veazey v. Mayor &c. of Crawfordville,* 126 Ga. 89 (54 SE 817). The judgment below must be affirmed because (1) no attack was made on the proper Code sections requiring a bond or a pauper's affidavit; (2) no effort was made to amend the writ to include a security bond or pauper's affidavit. Compare *Scott v. Oxford,* 105 Ga. App. 301 (124 SE2d 420). Insofar as the record reveals there is nothing to invalidate the trial judge's finding.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED MAY 8, 1975 — DECIDED JUNE 6, 1975 — REHEARING DENIED JULY 1, 1975.

*B. J. Roberts,* for appellant.
*Glaze & Glaze, George E. Glaze,* for appellee.

ON MOTION FOR REHEARING.

Attorney for the defendant now contends that Code §§ 19-214 and 19-215 are inapplicable because no supersedeas was necessary "as the record reflects that the fine was paid and the defendant had been released from jail by the lower court before the petition for certiorari was filed."

Assuming this is true the trial judge correctly dismissed the application for yet another reason. "A defendant who has paid a fine imposed by a police court, with the alternative of imprisonment, can not, after paying such fine, prosecute a writ of error to review the judgment, unless the fine was paid under protest and under duress." *White v. City of Tifton,* 1 Ga. App. 569 (1) (57 SE 1038). Whereas in the case sub judice the issue has

become moot, a certiorari sued out by such person should be dismissed. *Brown v. City of Atlanta*, 123 Ga. 497 (3) (51 SE 507). See *Kitchens v. State*, 4 Ga. App. 440 (61 SE 736); *Cohen v. Troy Laundry &c. Co.*, 99 Ga. 289 (25 SE 689).

*Motion for rehearing denied.*