**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 10, 2020**

# In the Court of Appeals of Georgia

A19A2087. WILLIAMS v. CITY OF DOUGLASVILLE et al.

BROWN, Judge.

Following her conviction in the Municipal Court of the City of Douglasville for leaving the scene of an accident and driving without insurance, Christine Williams petitioned the Superior Court of Douglas County pursuant to OCGA § 5-4-1 et seq. for a writ of certiorari. The superior court dismissed her petition, and Williams appeals. For the reasons set forth below, we reverse.

The record reflects that in February 2018, Williams was ticketed for leaving the scene of an accident and driving without insurance. On September 13, 2018, the Municipal Court of the City of Douglasville convicted her of both offenses, and sentenced her to twenty-four months probation, with the first five days to be served in confinement, a fine of $1,774.63, $175 in restitution, and eighty hours of

community service. On October 9, 2018, Williams filed a motion for supersedeas bond. On October 12, 2018, Williams filed a "preliminary" petition for writ of certiorari in the Superior Court of Douglas County, setting forth two grounds of error, and stating that she had requested the appropriate bond for the case and would amend her petition "once the bond has been set and posted." She attached a copy of her motion for supersedeas bond to her petition. On the same day, the superior court entered an order sanctioning the petition and directing Williams to serve a copy of the petition and sanction order on the City of Douglasville ("the City") and the municipal court judge. The order further noted as follows: "Since the appropriate bond is not in place, the Clerk shall NOT issue the Writ . . . today. Once the bond is in place, [Williams] may amend the petition and this Court will order the Writ, if appropriate." Williams' counsel served copies of the petition and sanction via hand delivery on the City, the City attorney, and the judge who presided over Williams' trial. Also on that day, the superior court issued a summons to the "named defendant," the City of Douglasville.

On November 1, 2018, the municipal court set supersedeas bond in the amount of $1,949.93. Williams moved to amend the supersedeas bond, but the municipal court denied her motion on January 18, 2019. On February 1, 2019, the superior court

2

issued an order, citing OCGA § 5-4-3, and questioning its jurisdiction over the matter because Williams had not yet posted bond, and suggesting that the petition should therefore be dismissed. The order noted that the municipal court had denied Williams' motion to amend supersedeas bond on January 14, 2019, and that it had been 142 days since the judgment of the municipal court. The superior court set a hearing on the issue for February 11, 2019.

At the hearing, Williams' counsel noted that she had posted a supersedeas bond on February 7, 2019, and presented an amended petition, asking the court to sanction the petition so Williams could obtain a writ to be served on the parties. Williams' counsel acknowledged that even though Williams was entitled to a bond at the time of conviction, she was unrepresented and did not know to ask for one. As soon as counsel entered the case, he immediately asked for a bond. Williams' counsel asserted that under the law, she was entitled "to amend [the petition] including bond" provided the petition was filed within 30 days of the municipal court judgment. The City moved to dismiss the petition pursuant to OCGA § 5-4-6 (b), arguing that Williams failed to obtain or serve the writ within a reasonable time and that failure to serve the writ "is not a defect that can be cured by amendment." The superior court granted the motion.

Williams contends that the superior court erred in dismissing her petition for writ of certiorari because under OCGA § 5-4-10, certiorari proceedings are "amendable at any stage." According to Williams, the superior court should have allowed her to amend her petition once she posted a valid bond. In response, the City argues that dismissal was proper because Williams willfully and intentionally refused to cause the writ to issue pursuant to the statutory requirements of OCGA § 5-4-6 (a) and (b). Thus, the failure to serve the petition and writ on the proper parties was not a defect which could be cured by amendment pursuant to OCGA § 5-4-10. We agree with Williams.

OCGA § 5-4-1 et seq. governs certiorari to superior court. OCGA § 5-4-1 (a) provides that a "writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers." Under OCGA § 5-4-6 (a), an application for writ of certiorari must be filed within 30 days after the "final determination of the case in which the error is alleged to have been committed."[1] The procedure for filing a petition for certiorari is laid out as follows:

---

[1] OCGA § 5-4-6 further provides that "[t]he certiorari petition and writ shall be filed in the clerk's office within a reasonable time after sanction by the superior court judge; and a copy shall be served on the respondent, within five days after such filing. . . ." OCGA § 5-4-6 (b). See *City of Sandy Springs Bd. of Appeals v. Traton Homes, LLC*, 341 Ga. App. 551, 554 (1) (801 SE2d 599) (2017).

When either party in any case in any inferior judicatory or before any person exercising judicial powers is dissatisfied with the decision or judgment in the case, the party may apply for and obtain a writ of certiorari by petition to the superior court for the county in which the case was tried, in which petition he shall plainly and distinctly set forth the errors complained of. *On the filing of the petition in the office of the clerk of the superior court, with the sanction of the appropriate judge endorsed thereon, together with the bond or affidavit, as provided in Code Section 5-4-5, it shall be the duty of the clerk to issue a writ of certiorari*, directed to the tribunal or person whose decision or judgment is the subject matter of complaint, requiring the tribunal or person to certify and send up all the proceedings in the case to the superior court, as directed in the writ of certiorari.

(Emphasis supplied.) OCGA § 5-4-3.

This Court has held that OCGA § 5-4-5 does not apply to criminal cases.[2] See *Bickers v. Georgia Real Estate Commission*, 89 Ga. App. 815, 822 (81 SE2d 535) (1954) (acknowledging that former Code section Code 1933 § 19-206 has "no application to criminal cases"), citing *Colvard v. State*, 118 Ga. 13 (43 SE 855) (1903). See also *Mohrman v. City Council of Augusta*, 103 Ga. 841 (31 SE 95) (1898). The rationale for this holding was that a criminal defendant could not be expected to pay costs in the lower judicatory. See *Mohrman*, 103 Ga. at 842; *Colvard*, 118 Ga. 13. But, as the Supreme Court of Georgia noted in *Colvard*, the legislature "straightened the matter out" by passing Ga. L. 1902, p. 105, the predecessor statute

---

[2] In civil cases, a writ will not *issue* until the petitioner,

> his agent, or his attorney shall give bond and good security, conditioned to pay the adverse party in the case the sums sought as an award to be recovered, together with all future costs, and shall also produce a certificate from the officer whose decision or judgment is the subject matter of complaint that all costs which may have accrued on the trial below have been paid.

OCGA § 5-4-5 (a). In lieu of bond, the petitioner may file an affidavit of indigency. OCGA § 5-4-5 (c). In interpreting this Code section, the Supreme Court of Georgia has held that "[i]t is not necessary to attach to a petition for certiorari a certificate of the [inferior judicatory] that costs have been paid and security given, before the sanction of the judge can be obtained." (Citation and punctuation omitted.) *Jones v. Johnson & Ledbetter Const. Co.*, 185 Ga. 323, 324 (4) (194 SE 902) (1938).

6

to OCGA § 5-4-20. *Colvard*, 118 Ga. at 15. OCGA § 5-4-20, titled "[s]upersedeas in criminal cases; pauper affidavit; effect of supersedeas" provides:

*Any person who has been convicted of any criminal or quasi-criminal offense* or violation of any ordinance, in any inferior judicatory by whatever name called, except constitutional city courts or state courts, exercising criminal or quasi-criminal jurisdiction, *who desires a writ of certiorari* to review and correct the judgment of conviction in the case *shall be entitled to a supersedeas of the judgment if he files with the clerk of the court*, or, if there is no clerk, with the judge thereof, or with the commissioners if it is a court presided over by commissioners with no clerk, a *bond* payable to the state, or, if the conviction is in a municipal court, payable to the municipality, in amount and with security acceptable to and to be approved by the clerk, judge, or majority of the commissioners, as the case may be, conditioned that the defendant will personally appear and abide the final judgment, order, or sentence upon him in the case. The bond, if payable to the state, may be forfeited in the same manner as any other criminal bond in any court having jurisdiction. If the bond is payable to the municipal corporation, it may be forfeited according to the procedure prescribed in the municipal ordinance or charter. Alternatively, an action may be brought on the bond in any court having jurisdiction. Upon the giving of bond the defendant shall be released from custody in like manner as defendants are released upon supersedeas bonds in criminal cases where a notice of appeal has been filed.

(Emphasis supplied.) OCGA § 5-4-20 (a).[3] While nothing in the language of this subsection requires an individual to file a bond or affidavit in order obtain a writ of certiorari, the Supreme Court of Georgia has nonetheless held that "[t]he filing of the

---

[3] The remaining subsections of OCGA § 5-4-20 provide as follows:

(b) If the defendant is unable because of his indigence to give bond and makes this fact appear by affidavit to be filed with the judge, clerk, or commissioners, as the case may be, the same shall operate as a supersedeas of the judgment; provided, however, that the defendant shall not be set at liberty unless he gives bond as prescribed in subsection (a) of this Code section.

(c) The supersedeas provided for in this Code section shall operate to suspend the judgment of conviction until the case is finally heard and determined by the superior court to which it is taken by certiorari or by the Court of Appeals upon appeal, provided that within the time prescribed by law the defendant shall apply for and procure the writs and remedies provided by law for reviewing the judgment complained of. The supersedeas shall be equally applicable whether the judge of the superior court to whom the petition for certiorari is presented sanctions it or refuses it, provided that within the time provided by law the defendant diligently files a notice of appeal.

(d) The object of this Code section is to provide a method by which a defendant may obtain a supersedeas so long as he is prosecuting or is entitled under the law to prosecute the proceeding brought or to be brought to review the conviction of which he is complaining, or any intermediate appellate judgment rendered thereon, in order that the defendant shall not be deprived of his right to apply to the courts by being compelled to serve his sentence or pay a fine before he has had the full opportunity allowed him by law of taking the necessary proceedings to correct and review his conviction.

bond required by [OCGA § 5-4-20], or the making of a pauper's affidavit, is a

*condition precedent* to [an] *application* for certiorari." (Emphasis supplied.)

*Sauceman v. State*, 209 Ga. 60 (2) (70 SE2d 754) (1952), citing *Johns v. Tifton*, 122

Ga. 734 (50 SE 941) (1905).[4] See also *Ellett v. City of College Park*, 135 Ga. App.

---

[4] The language of the Code section in effect at the time of the *Sauceman* decision, Code § 19-214, is similarly worded to OCGA § 5-4-20. It reads as follows:

> Any person who has been convicted of any criminal or quasi-criminal offense, or violation of any ordinance, in any county court, police court, municipal court, by whatsoever name called, or any other inferior judicatory (except constitutional city courts) exercising criminal or quasi-criminal jurisdiction, who shall desire a writ of certiorari to review and correct the judgment of conviction in said case, shall be entitled to a supersedeas of the judgment upon the following conditions: He shall file with the clerk of said court, or, if no clerk, with the judge thereof, or with the commissioners if it be a court presided over by commissioners with no clerk, a bond payable to the State, or, if the conviction be in a municipal court, to the municipality, in amount and with security acceptable to and to be approved by the clerk, judge, or majority of the commissioners, as the case may be, conditioned that the defendant will personally appear and abide the final judgment, order, or sentence upon him in said case. Said bond, if payable to the State, may be forfeited in the same manner as any other criminal bond in any court having jurisdiction; if payable to the municipal corporation, it may be forfeited according to the procedure prescribed in the municipal ordinance or charter; or it may be sued upon in any court having jurisdiction. Upon the giving of said bond the defendant shall be released from custody in like manner as defendants are released upon supersedeas bonds in criminal cases where a writ of error has been obtained.

(Punctuation omitted.) *City of Atlanta v. Stallings*, 72 Ga. App. 52 (33 SE2d 18) (1945). In reaching its decision in *Sauceman* that the filing of a bond or pauper's affidavit is a

9

269, 270 (2) (217 SE2d 374) (1975); *West v. City of College Park*, 116 Ga. App. 355

(157 SE2d 491) (1967); *Nilsen v. City of LaGrange*, 55 Ga. App. 676 (1) (191 SE

175) (1937); *Mantovani v. City of Atlanta*, 43 Ga. App. 787 (160 SE 129) (1931).

And, "the filing of the bond, together with the approval of the clerk or judge, or the

making of the pauper affidavit, must affirmatively appear in the application for the

writ." *Johns*, 122 Ga. 734. In *Hubert v. City of Thomasville*, 18 Ga. App. 756 (90 SE

720) (1916), this Court defined "affirmatively appear" — or "affirmatively show" —

---

condition precedent to an application for certiorari, the Supreme Court relied on *Johns*, 122 Ga. 734, and *Veazey v. City of Crawfordville*, 126 Ga. 89 (1906). See *Sauceman*, 209 Ga. at 60 (2). But, both *Johns* and *Veazey* were decided when a differently worded Code sction was in effect. The section, referred to as "the act approved December 10, 1902 (Acts 1902, p. 105)," stated that

> *any one who seeks a writ of certiorari* to review and correct a judgment of any municipal court in this state *shall file with the clerk* of such court, or, if no clerk, with the judge thereof, *a bond* payable to the municipality under which the court exists, in amount and with surety acceptable to and approved by the clerk or judge as the case may be, conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of such court, or of the superior court, in the case, unless such defendant be unable from his poverty to give the bond in which case he shall make the same appear by affidavit, and the judge of the superior court shall, in granting the writ of certiorari, order a supersedeas.

(Emphasis supplied.) *Stallworth v. City of Macon*, 125 Ga. 250 (54 SE 142) (1906). While this Court might reach a different interpretation, "[i]t is axiomatic that this Court is bound by the precedent of the Supreme Court." *Dillard v. Bishop Eddie Long Ministries*, 258 Ga. App. 507, 510 (3) (574 SE2d 544) (2002).

10

as something more than merely alleging in the petition that a proper bond has been filed:

> The best way to show that a proper bond has been given is to attach to the petition a certified copy of the bond, with a certificate of approval by the proper officer, and allege affirmatively that the bond was given and approved as required by law. However, where this is not done, the petition must set forth all the essential substantive facts which are necessary to enable the judge of the superior court to intelligently decide whether or not the bond given is really such a bond as is demanded by the statute. In other words, where no certified copy of the bond is attached to the petition, the bond must, in substance at least, be set forth in the petition.

Id. at 757 (1) (a) (mere statement by the petitioner that a proper bond had been given is not enough to satisfy the statute; thus, superior court did not err in refusing to sanction petition).

In this case, Williams did not comply with the bond requirement before she filed her application for writ of certiorari. While she averred in her "preliminary" petition that she "requested the appropriate bond," and attached her motion for supersedeas bond, this averment is not sufficient to satisfy the condition precedent.

Nonetheless, after the Supreme Court decided *Sauceman* in 1952, the Georgia legislature enacted OCGA § 5-4-10, which provides that "[c]ertiorari proceedings

11

shall be amendable at any stage, as to matters of form or substance, as to the petition, bond, answer, and traverse; and a valid bond may by amendment be substituted for a void bond or no bond at all." See *Buckler v. DeKalb County*, 290 Ga. App. 190, 192 (1) (659 SE2d 398) (2008) (noting that OCGA § 5-4-10 was enacted in 1961). Pursuant to OCGA § 5-4-10, Williams was entitled to amend her petition once she had a valid bond. Accordingly, the trial court erred in dismissing Williams' petition for certiorari. See *Buckler*, 290 Ga. App. at 192-193 (1) ("lack of an approved bond . . . was a defect correctable by amendment" pursuant to OCGA § 5-4-10).

*Judgment reversed. Barnes, P. J., and Mercier, J., concur.*