## 38837.. VEAL v. EAGLE FIRE INSURANCE COMPANY.

TOWNSEND, Presiding Judge. 1. Under *Code* § 19-206 it is necessary that in all applications for certiorari in civil cases bond be given in an amount approved by the trial judge and that such judge certify under his own signature that the bond has been approved and that the costs have been paid; otherwise the certiorari is void. *Hester v. Keller,* 74 Ga. 369; *Dykes v. Twiggs County,* 115 Ga. 698 (42 S. E. 36); *Southern Ry. Co. v. Oliver,* 13 Ga. App. 5 (78 S. E. 684); *Georgian Co. v. Sutton,* 18 Ga. App. 507 (89 S. E. 601). Approval of the bond by the clerk, or certification by the clerk or other officer that the costs have been paid, is insufficient. *Tippins v. DeLoach,* 9 Ga. App. 362 (71 S. E. 497); *Southeastern Mutual Fire Ins. Co. v. Davidson,* 25 Ga. App. 83 (1) (102 S. E. 460); *Davis v. Joiner,* 1 Ga. App. 106 (2) (58 S. E. 62); *Ray v. Cruce,* 18 Ga. App. 265 (89 S. E. 302); *Thoms v. John R. Thompson Co.,* 38 Ga. App. 779 (145 S. E. 533).

2. Assuming that a statute creating a city or county court and prescribing a special method for suing out certiorari varying the general law on that subject would be valid in the absence of proper attack, there is nothing in the act creating the City Court of Buford (Ga. L. 1906, p. 176 et seq.) which allows the clerk to approve the bond or certify that the bond has been accepted or the costs paid, rather than the judge who is required by statute so to do. Section 46 provides that certiorari shall issue as in the case of county courts under the Code of 1895, which contained the same provision as our present *Code* § 19-206. The exception made in *Harte v. Sturtevant,* 20 Ga. App. 822 (93 S. E. 530) was based on the fact that the act creating the Municipal Court of Savannah not only expressly gave the clerk of that court the power to approve bonds, but also to perform all functions of a ministerial character which might under the law be performed by justices of the peace. The act creating the City Court of Buford gives no such broad powers to the clerk.

3. The record showing that the bond was accepted, approved and certified by the clerk only, as was the certificate that the costs had been paid, it was error for the Judge of the Superior Court of Gwinnett County to overrule the motion to dismiss the petition for certiorari based on these facts.

*Judgment reversed.    Frankum and Jordan, JJ., concur.*
DECIDED MAY 12, 1961—REHEARING DENIED MAY 31, 1961.

*Joseph E. Cheele*    for plaintiff in error.
*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Glyndon C. Pruitt,* contra.