## A10A1481. TARGOVNIK et al. v. CITY OF DUNWOODY ZONING BOARD OF APPEALS.

(704 SE2d 448)

Smith, Presiding Judge.

In this discretionary appeal, Tara Targovnik, Harris Targovnik, Mary Wynn, and Edward Wynn (collectively, "the appellants") seek discretionary review of the trial court's dismissal of their petition for certiorari based upon an insufficient certificate of costs. For the reasons set forth below, we reverse.

The record shows that the City of Dunwoody Zoning Board of Appeals approved a stream buffer variance for a Dunwoody property owner to build a playground for a preschool. The appellants — four neighboring homeowners — opposed the variance and filed a petition for certiorari to the superior court. The city moved to dismiss the petition based upon the appellants' failure to have the proper person sign their certificate of payment of costs. The superior court agreed and dismissed the petition for certiorari.

A city's zoning ordinance may specify a particular method of appellate review, including by writ of certiorari. See *Jackson v. Spalding County,* 265 Ga. 792, 793 (1) (462 SE2d 361) (1995). Section 5D-20 (a) of the City of Dunwoody Code of Ordinances provides that appeals from final decisions of the zoning board of appeals shall be made though a petition to the Superior Court of DeKalb County for a writ of certiorari.

OCGA § 5-4-5 (a) provides:

> Before any writ of certiorari shall issue [from superior court], . . . the party applying for the same . . . *shall also produce a certificate from the officer whose decision or judgment is the subject matter of complaint that all costs which may have accrued on the trial below have been paid.* The . . . certificate shall be filed with the petition for certiorari. . . .

(Emphasis supplied.) The certificate of costs initially submitted by the appellants in this case was not signed by any of the members of

the board of zoning appeals that issued the decision for which certiorari was sought. Instead, it was signed by Jennifer Peterson, the Director of Community Development for the City of Dunwoody, because the appointed secretary for the board of zoning appeals, Howard Koontz, was not in the office at the time the appellants sought a certificate. Koontz provided an affidavit to the court and averred that Peterson "was authorized in my absence to perform the duties of the [board of zoning appeals] secretary." He also explained that the members of the board "do not maintain their own records. As such, the members would have no personal knowledge as to the costs associated with any . . . appeal . . . filed for their consideration, let alone whether all costs (such as copying costs) had been paid."

Historically, Georgia courts have required that the certificate be signed by the judge whose decision the applicants seek to challenge or "the certiorari is void." *Veal v. Eagle Fire Ins. Co.,* 103 Ga. App. 757 (1) (120 SE2d 674) (1961). The question now before this court is: How does a party appealing from a multi-member board obtain a certificate "from the officer whose decision or judgment is the subject matter of complaint"? OCGA § 5-4-5 (a).

The appellants assert that the duly appointed secretary for the board of zoning appeals, or his proxy, should be considered the appropriate person to issue the certificate of cost payment. In support of this argument, the appellants point to the following provisions of the city ordinance:

> The Community Development Director or the director's designee may serve as secretary to the board as directed by the City Manager. The secretary shall make tape recordings and keep minutes of the proceedings of the board, showing the vote of each member upon each question, or if absent or failing to vote, indicating such fact, and shall keep records of its official actions and evidence submitted, all of which shall be filed in the office of the planning department and shall be a public record. Permanent and complete records of the proceedings and decisions of the board shall be maintained. City of Dunwoody Code of Ordinances, Section 5D-8.

> In any such petition [for certiorari] filed, the zoning board of appeals shall be designated the respondent in certiorari and City of Dunwoody the defendant in certiorari. The secretary of the zoning board of appeals shall be authorized to acknowledge service of a copy of the petition and writ for the zoning board of appeals as respondent. City of Dunwoody Code of Ordinances, Section 5D-20 (b).

The charter for the City of Dunwoody expressly provides that a city board, such as the board of zoning appeals, "may appoint as secretary an employee of the city." City of Dunwoody Charter Section 2.14 (g).

Based upon the city ordinances and charter conferring ministerial power to the secretary for the board of zoning appeals and the facts and circumstances of this particular case, we conclude that the duly appointed secretary for the City of Dunwoody Zoning Board of Appeals, or his proxy, may issue the required certificate of costs. We therefore reverse the superior court's dismissal of the appellants' petition for certiorari. See *Harte v. Sturtevant*, 20 Ga. App. 822 (93 SE 530) (1917) (particular act creating municipal court broad enough to allow clerk of court to issue certificate of costs). Compare *Veal v. Eagle Fire Ins. Co.*, 103 Ga. App. 757 (2) (120 SE2d 674) (1961) (particular statute creating city court did not give clerk "broad power" to issue bond).

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 29, 2010.

*Linda I. Dunlavy*, for appellants.

*Riley & McLendon, Leonid M. Felgin, Schreeder, Wheeler & Flint, Mark W. Forsling*, for appellees.